IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**WHITNEY EZENWA, Individually and on**     **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.     No. 4:24-cv-2650

**SILVER RAIN, LLC, d/b/a**     **DEFENDANT**
**AREA 29 HOUSTON**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiff Whitney Ezenwa ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys of Sanford Law Firm, PLLC, and for her Original Complaint—Collective Action ("Complaint") against Defendant Silver Rain, LLC, d/b/a Area 29 Houston ("Defendant"), states and alleges as follows:

### I.　PRELIMINARY STATEMENTS

1.　This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the minimum wage and overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA").

2.　Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper overtime compensation under the FLSA.

## II.     JURISDICTION AND VENUE

3. The United States District Court for the Southern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Defendant conducts business within the State of Texas.

5. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Texas.

6. A substantial part of the acts complained of herein were committed in and had their principal effect against Plaintiff within the Houston Division of the Southern District of Texas. Therefore, venue is proper pursuant to 28 U.S.C. § 1391.

## III.    THE PARTIES

7. Plaintiff is an individual and resident of Harris County.

8. Defendant is a domestic limited liability company registered to do business within Texas.

9. Defendant's registered agent for service of process is Albert T. Van Huff, 1225 North Loop West, Suite 640, Houston, Texas, 77008.

10. Defendant maintains a website at https://area29houston.com/.

## IV.    FACTUAL ALLEGATIONS

11. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

12. Defendant does business as Area 29 Houston, an exclusive adult entertainment club located near downtown Houston.

13. Defendant acted as the employer of Plaintiffs and is and has been engaged in interstate commerce as that term is defined under the FLSA.

14. Within the three years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

15. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as food and beverage products.

16. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

17. Defendant is an employer within the meaning of the FLSA and has been, at all times relevant herein, Plaintiff's employer.

18. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

19. Defendant employed Plaintiff as a Dancer from November of 2022 until June of 2024.

20. Defendant classified Plaintiff as exempt from the overtime requirements of the FLSA and did not pay Plaintiff an hourly wage or an overtime premium for hours worked over forty.

21. Plaintiff's sole source of income from Defendant was in the form of tips.

22. Defendant also employed other Dancers.

23. Defendant also failed to pay other Dancers an hourly wage or overtime premium, and other Dancers' sole source of income from Defendant was tips.

24. Plaintiff performed stage dances and lap dances on Defendant's premises.

25. Other Dancers had the same or similar duties as Plaintiff.

26. Defendant directly hired Plaintiff and other Dancers, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

27. Plaintiff and other Dancers did not financially invest in Defendant's business.

28. Plaintiff and other Dancers did not share in the profits or losses of Defendant's business.

29. Defendant, not Plaintiff or other Dancers, set prices for lap dances and private dances.

30. Defendant determined Plaintiff's and other Dancers' pay scale for services without input from or negotiation with Plaintiff and other Dancers.

31. Defendant, not Plaintiff or other Dancers, decided whether and how many Dancers to hire.

32. Plaintiff and other Dancers were hired to work for Defendant for a continuous and ongoing period of time.

33. Plaintiff and other Dancers did not select any employees for hire, nor did they have any ability to fire employees.

34. Plaintiff and other Dancers did not have any control of or authority over any employee's rate of pay or working hours.

35. Defendant set the business's policies and rules and had complete control over the venue.

36. Defendant required Plaintiff to follow its policies and rules.

37. Defendant made decisions on advertising Defendant's business without Plaintiff's and other Dancers' input.

38. Defendant failed to pay Plaintiff the applicable minimum wage for hours worked up to 40 each week, and failed to pay Plaintiff 1.5x her base hourly rate for each hour worked over 40 each week.

39. Plaintiff and other Dancers received tips from Defendant's customers.

40. Plaintiff and other Dancers were required to share their tips with Defendant, managers and other employees who did not "customarily and regularly receive tips" within the meaning of 29 U.S.C. § 203(m).

41. Defendant regularly "fined" Plaintiff and other Dancers for various "offenses" such as arriving late for a shift.

42. The tips Plaintiff and other Dancers were allowed to keep constituted the entirety of their pay.

43. At all relevant times, Defendant knew or should have known that the FLSA applied to the operation of an adult entertainment club. Defendant knew of or should have been aware of previous litigation and enforcement actions relating to wage and hour violations where the classification of exotic dancers as exempt from the minimum wage and overtime provisions of the FLSA was challenged.

44. Plaintiff and other Dancers are entitled to wages and compensation based on the standard minimum wage for all hours worked.

Page 5 of 11
**Whitney Ezenwa, et al. v. Silver Rain, LLC, d/b/a Area 29 Houston**
U.S.D.C. (S.D. Tex.) No. 4:24-cv-2650
Original Complaint—Collective Action

45. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and other Dancers violated the FLSA and AMWA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

46. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

47. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A. Minimum wage for all hours worked;

    B. Overtime premiums for all hours worked over forty hours in any week;

    C. Liquidated damages; and

    D. Attorney's fees and costs.

48. Plaintiff proposes the following class under the FLSA:

**All Dancers within the past three years.**

49. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

50. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

51. The members of the proposed FLSA class are similarly situated in that they share these traits:

   A. They were paid in tips;

   B. They were not paid a sufficient minimum wage or overtime premium;

   C. They were subject to Defendant's common policy of classifying them as exempt from the minimum wage and overtime provisions of the FLSA;

   D. They were subject to numerous other policies and practices as described above; and

   E. They had the same or substantially similar job duties and requirements.

52. Plaintiff is unable to state the exact number of the collective but believe that the collective exceeds fifty persons.

53. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

54. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

55. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.   FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

56. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

57. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

58. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

59. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

60. Defendant misclassified Plaintiff as exempt from the requirements of the FLSA.

61. Defendant failed to pay Plaintiff a sufficient minimum wage.

62. Despite Plaintiff's entitlement to overtime payments under the FLSA, Defendant failed to pay Plaintiff 1.5x her regular rate for all hours worked in excess of 40 per week.

63. Defendant knew or should have known that his actions violated the FLSA.

64. Defendant's conduct and practices, as described above, were willful.

65. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

66. Defendant has not acted in good faith nor with reasonable grounds to believe his actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

67. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VII. SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

68. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

69. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

70. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

71. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

72. Defendant misclassified Plaintiff and other similarly situated employees as exempt from the overtime provisions of the FLSA.

73. Defendant failed to pay Plaintiff and similarly situated employees a sufficient minimum wage.

74. Despite Plaintiff's and similarly situated employees' entitlement to overtime payments under the FLSA, Defendant failed to pay Plaintiff and similarly situated employees 1.5x their regular rate for all hours worked in excess of 40 per week.

75. Defendant knew or should have known that his actions violated the FLSA.

76. Defendant's conduct and practices, as described above, were willful.

77. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

78. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

79. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Whitney Ezenwa, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA and its related regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid overtime wages under the FLSA and its related regulations;

D. Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA and its related regulations;

E. An order directing Defendant to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**WHITNEY EZENWA, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

 /s/ Sean Short
Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com