IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WHITNEY EZENWA Individually and on Behalf of All Others Similarly Situated | § § § § | |
| **Plaintiff** | § § | |
| V. | § § | CIVIL ACTION NO. 4:24-CV-2650 |
| SILVER RAIN, LLC d/b/a AREA 29 HOUSTON | § § § | |
| **Defendant.** | § § § | |

**DEFENDANT SILVER RAIN, LLC
D/B/A AREA 29'S ANSWER TO PLAINTIFF'S
ORIGINAL COMPLAINT, DEFENSES AND AFFIRMATIVE
DEFENSES, AND COUNTERCLAIM FOR DECLARATORY JUDGMENT**

NOW COMES Silver Rain, LLC d/b/a Area 29 ("Defendant" herein), by and through undersigned counsel and in response to Plaintiff's Original Complaint and for its Affirmative Defenses, hereby state the following.

**Preliminary Statements**

1.      Defendant denies the allegations contained in Paragraphs 1 and 2 of Plaintiff's Original Complaint.

**Jurisdiction and Venue**

2.      Paragraph 3 of Plaintiff's Original Complaint are not factual allegations to which responses are required because Paragraphs 17, 18, 19, and 20 call for legal conclusions and therefore Defendant denies the same.

3.      Defendant admits Paragraph 4 of Plaintiff's Original Complaint.

4.      Paragraphs 5 and 6 of Plaintiff's Original Complaint are not factual allegations

to which responses are required because Paragraphs 17, 18, 19, and 20 call for legal conclusions and therefore Defendant denies the same.

## Parties

5.      Defendant admits Paragraph 7 of Plaintiff's Original Complaint. Upon information and belief, Defendant admits that Plaintiff is a resident of Harris County.

6.      Defendant admits Paragraphs 8, 9, and 10 of Plaintiff's Original Complaint.

## Factual Allegations

7.      Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Original Complaint.

8.      Defendant admits Paragraph 12 of Plaintiff's Original Complaint.

9.      Defendant denies the allegations contained in Paragraphs 13, 14, and 15, 16, 17, and 18 of Plaintiff's Original Complaint. The allegations contained in these paragraphs are conclusions of law, and as such, no responsive pleading thereto is required, the allegations are deemed denied and strict proof thereof is demanded at the time of trial. To the extent the remaining averments of these paragraphs constitute allegations of fact, they are specifically denied and strict proof thereof is demanded at the time of trial.

10.      Defendant admits Paragraph 19 in part and denies in part. Defendant admits that Plaintiff performed as a dancer. Defendant denies the remaining factual allegations in this paragraph.

11.      Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Original Complaint. The allegations contained in this paragraph are conclusions of law, and

as such, no responsive pleading thereto is required, the allegations are deemed denied and strict proof thereof is demanded at the time of trial. To the extent the remaining averments of this paragraph constitutes allegations of fact, they are specifically denied and strict proof thereof is demanded at the time of trial.

12.    Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Original Complaint.

13.    Defendant admits Paragraph 22 in part and denies in part. Defendant admits that other individuals performed as dancers. Defendant denies the remaining factual allegations in this paragraph.

14.    Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Original Complaint.

15.    Defendant admits Paragraph 24 of Plaintiff's Original Complaint. Upon information and belief, Plaintiff performed on Defendant's premises.

16.    Defendant denies the allegations contained in Paragraphs 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, and 35 of Plaintiff's Original Complaint. The allegations contained in these paragraphs are conclusions of law, and as such, no responsive pleading thereto is required, the allegations are deemed denied and strict proof thereof is demanded at the time of trial. To the extent the remaining averments of these paragraphs constitute allegations of fact, they are specifically denied and strict proof thereof is demanded at the time of trial.

17.    Defendant admits Paragraph 36 and 37 of Plaintiff's Original Complaint.

18.    Defendant denies the allegations contained in Paragraphs 38, 39, and 40 of Plaintiff's Original Complaint. The allegations contained in these paragraphs are

3

conclusions of law, and as such, no responsive pleading thereto is required, the allegations are deemed denied and strict proof thereof is demanded at the time of trial. To the extent the remaining averments of these paragraphs constitute allegations of fact, they are specifically denied and strict proof thereof is demanded at the time of trial.

19.    Defendant denies Paragraphs 41 and 42 of Plaintiff's Original Complaint.

20.    Defendant denies the allegations contained in Paragraphs 43, 44, and 45 of Plaintiff's Original Complaint. The allegations contained in these paragraphs are conclusions of law, and as such, no responsive pleading thereto is required, the allegations are deemed denied and strict proof thereof is demanded at the time of trial. To the extent the remaining averments of these paragraphs constitute allegations of fact, they are specifically denied and strict proof thereof is demanded at the time of trial.

## Representative Action Allegations

21.    Defendant denies the allegations contained in Paragraphs 46, 47, and 48 of Plaintiff's Original Complaint.

22.    Defendant denies having knowledge or information sufficient to form a belief with respect to the allegations contained within Paragraphs 49 of the Plaintiff's Original Complaint and therefore denies the same.

23.    Defendant denies the allegations contained in Paragraphs 50, 51, 52, 53, 54, and 55 of Plaintiff's Original Complaint.

## First Claim for Relief

### (Individual Claim for Violation of the FLSA)

24.    Defendant denies the allegations contained in Paragraph 56 of Plaintiff's

4

Original Complaint.

25.     The allegations contained in Paragraph 57 of Plaintiff's Original Complaint are conclusions of law, and as such, no responsive pleading thereto is required, the allegations are deemed denied and strict proof thereof is demanded at the time of trial. To the extent the remaining averments of these paragraphs constitute allegations of fact, they are specifically denied and strict proof thereof is demanded at the time of trial.

26.     Defendant denies the allegations contained in Paragraph 58 of Plaintiff's Original Complaint.

27.     The allegations contained in Paragraph 59 of Plaintiff's Original Complaint are conclusions of law, and as such, no responsive pleading thereto is required, the allegations are deemed denied and strict proof thereof is demanded at the time of trial. To the extent the remaining averments of these paragraphs constitute allegations of fact, they are specifically denied and strict proof thereof is demanded at the time of trial.

28.     Defendant denies the allegations contained in Paragraph 60, 61, and 62 of Plaintiff's Original Complaint.

29.     Defendant denies the allegations contained in Paragraphs 63, 64, 65, 66, and 67 of Plaintiff's Original Complaint. The allegations contained in these paragraphs are conclusions of law, and as such, no responsive pleading thereto is required, the allegations are deemed denied and strict proof thereof is demanded at the time of trial. To the extent the remaining averments of these paragraphs constitute allegations of fact, they are specifically denied and strict proof thereof is demanded at the time of trial.

**<u>Second Claim for Relief</u>**

**(Collective Action Claim for Violation of the FLSA)**

30.     Defendant denies the allegations contained in Paragraph 68 of Plaintiff's Original Complaint.

31.     The allegations contained in Paragraph 69 of Plaintiff's Original Complaint are conclusions of law, and as such, no responsive pleading thereto is required, the allegations are deemed denied and strict proof thereof is demanded at the time of trial. To the extent the remaining averments of these paragraphs constitute allegations of fact, they are specifically denied and strict proof thereof is demanded at the time of trial.

32.     Defendant denies the allegations contained in Paragraph 70 of Plaintiff's Original Complaint.

33.     The allegations contained in Paragraph 71 of Plaintiff's Original Complaint are conclusions of law, and as such, no responsive pleading thereto is required, the allegations are deemed denied and strict proof thereof is demanded at the time of trial. To the extent the remaining averments of these paragraphs constitute allegations of fact, they are specifically denied and strict proof thereof is demanded at the time of trial.

34.     Defendant denies the allegations contained in Paragraphs 72, 73, and 74 of Plaintiff's Original Complaint.

35.     The allegations contained in Paragraphs 75, 76, 77, 78, and 79 of Plaintiff's Original Complaint are conclusions of law, and as such, no responsive pleading thereto is required, the allegations are deemed denied and strict proof thereof is demanded at the time of trial. To the extent the remaining averments of these paragraphs constitute allegations of fact, they are specifically denied and strict proof thereof is demanded at the time of trial.

## DEFENSES AND AFFIRMATIVE DEFENSES

Defendant hereby asserts the affirmative defenses that follow. These affirmative defenses are also asserted against any individual who joins this suit, who joins any 29 U.S.C. § 216(b) collective –conditionally or finally–certified in this suit, or who becomes a "class" member to any Rule 23 "Class" certified in this suit.

36.     Plaintiff's Original Complaint and each and every purported cause of action set forth therein, fails to state claims against Defendant upon which relief can be granted.

37.     This Court lacks subject matter jurisdiction over some or all of the claims contained in Plaintiff's Original Complaint.

38.     Plaintiff's Complaint, and each and every cause of action set forth therein, is barred because the Plaintiff's performances at Silver Rain, LLC d/b/a Area 29 do not fall within the protections of the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq*.

39.     Pursuant to Section 15 of the License Terms and Conditions Agreement signed by Plaintiff, Plaintiff is barred from obtaining certification of a collective action because she specifically waived any right to participate in any class action or collective action in any forum.

40.     Pursuant to Section 8 of the License Terms and Conditions Agreement signed by Plaintiff, if Plaintiff is found to be an employee of Defendant, Defendant is entitled to a reimbursement of all Performance Fees, as that term is defined in the License Terms and Conditions Agreement, received by Plaintiff at any time she performed on the premises or to an offset of wage obligations, if any, by an amount equal to the Performance Fees not returned to Defendant by Plaintiff.

41.     Plaintiff's Complaint, and each and every cause of action set forth therein,

7

is barred under 29 U.S.C. § 259 because the acts or omissions complained of were in good faith and in conformity with and in reliance on written administrative regulations, orders, formal rulings, approvals and interpretations of the United State Department of Labor ("DOL") and upon the administrative practice and enforcement policy of the DOL with respect to the class of employers to which Defendant belongs.

42.    Plaintiff is exempt from the protections of the FLSA for numerous and various reasons, including but not limited to the fact that she is an exempt professional entertainer. Neither licensees nor independent contractors fall under the protections of the FLSA.

43.    Plaintiff's Complaint, and each and every purported cause of action set forth therein, is barred because the Plaintiff never performed, during any applicable statute of limitations period, as an employee of Defendant but, rather, performed as a independent professional exotic dance entertainer at Defendant's premises, and entered into an agreement with Defendant which established that the business relationship between the Plaintiff and Defendant was to be other than that of employer-employee.

44.    Plaintiff is not an employee pursuant to the FLSA, and each and everyone of her causes of actions is therefore barred.

45.    Defendant is not an employer of Plaintiff pursuant to the FLSA, and each and every one of Plaintiff's causes of action is therefore barred.

46.    Plaintiff's claims are barred as a result of her failure to comply with the legal requirements, duties and obligations of being an employee.

47.    Plaintiff's claims are barred because of her failure to comply with the reporting requirements of employees under the Internal Revenue Code ("IRC"), and in particular her failure to report her tip income to Defendant as would have been her

obligation under the IRC had she performed at Defendant's premises as its employee.

48.     Plaintiff's claims are barred because her actions in regard to the tax compliance requirements concerning the income that she earned while performing at Defendant's premises are inconsistent with having been an employee of Defendant.

49.     Plaintiff's claims are barred because the withholdings that would have been due in regard to the tip income earned by the Plaintiff, as required by the IRC in the event that the Plaintiff was an employee of the Defendant, would more than completely offset any net wages to which Plaintiff may be found to have been entitled in the event that she is determined to have been an employee of Defendant during the applicable statute of limitations period, and, therefore, Plaintiff lacks standing to bring forth her claims.

50.     In Plaintiff's Complaint as pled, some or all of her claims are barred by the applicable statute of limitations.

51.     In the circumstances at bar, the actions and conduct of the Defendant do not constitute "willful" violations of the FLSA, and as a consequence thereof the applicable statute of limitations in this action is only two years, and not as alleged in Plaintiff's Complaint.

52.     Plaintiff's claims are barred by the doctrine of payment, as a result of the mandatory charges for entertainment services paid by customers/patrons and which the Plaintiff did not remit back to Defendant.

53.     The mandatory fees for entertainment services that Plaintiff charged to customers/patrons are neither "tips" nor "gratuities" but are service charges as the cost to customers/patrons for obtaining personal entertainment services, and therefore under the FLSA can be used to offset any minimum wage/overtime obligations found to be owing in

this action. Because Plaintiff was paid, and retained, such mandatory fees for entertainment services, and because the amount of such fees that the Plaintiff earned and retained is far in excess of any minimum wages/overtime pay to which she may be found to be due if she is determined to have been an employee, Plaintiff's claims are barred as there have been no violations of the FLSA, even if she is ultimately found to have been an employee of Defendant during the applicable statutes of limitations periods (which Defendant specifically denies).

54.   Plaintiff's claims are barred for the reasons that she has failed to make restitution to Defendant prior to initiating this litigation.

55.   Plaintiff's claims are barred because she has failed to return to Defendant the charges that she received from customers/patrons as payment for providing entertainment services to them, which by law and in equity would be the property of Defendant if the Plaintiff was, in fact, its employee.

56.   Plaintiff's claims are barred by the doctrine of accord and satisfaction.

57.   Plaintiff's claims are barred by the doctrines of fraud, fraud in the inducement, unjust enrichment, and equitable estoppel in that Plaintiff agreed to perform as an independent professional dance entertainer; at all times she conformed her actions accordingly; at all times she retained the financial and other benefits of that business relationship; and at no time prior to initiating her instant suit did she object to that business structure.

58.   Plaintiff is barred from obtaining relief due to the detrimental reliance of the Defendant upon the representations, agreements, actions, and material omissions of the Plaintiff regarding the nature of her business relationship with Defendant.

10

59.     Plaintiff's claims are barred due to her unclean hands, her failure to do equity, and her violations of the implied covenants of good faith and fair dealing.

60.     Plaintiff's claims are barred by the doctrine of *in pari delicto*.

61.     Plaintiff's claims are barred to the extent that she consented to be treated as a non-employee and accepted all benefits of that business arrangement and structure without complaint or objection during the times that she performed at Defendant's premises as a licensee.

62.     Plaintiff's claims are barred by application of the antecedent question of employment.

63.     Plaintiff's claims are barred due to her failure to mitigate damages or use reasonable care to prevent any damages from being incurred.

64.     Plaintiff's claims are barred by Plaintiff having waived the right to any recovery.

65.     Plaintiff's claims are barred under the de minimis doctrine.

66.     Plaintiff's claims are barred because any damages are de minimis and/or nominal.

67.     Plaintiff's claims are barred as the Defendant acted reasonably and in good faith at all times referenced in the Plaintiff's Complaint.

68.     Plaintiff's claims are barred due to abandonment.

69.     Plaintiff's claims are barred due to the intentional misconduct of Plaintiff.

70.     If Plaintiff is found to have been an employee of Defendant, Defendant is entitled to the reduced minimum wage requirements as set forth in Section § 203(m) of the FLSA as the Plaintiff would fall within the definition of being a "tipped employee" within the

meaning of § 203(t) of that Act.

71.     Mandatory tip pooling is lawful under the FLSA, and any claim of the Plaintiff predicated upon the opposite is therefore barred.

72.     Plaintiff's claims are barred for the failure of consideration in that during her various performances she obtained and retained mandatory charges paid by customers/patrons for receiving personalized entertainment services; such monies of which would have otherwise been tendered to, and retained by, Defendant in the circumstances of an employer/employee relationship between the Plaintiff and Defendant.

73.     Plaintiff's claims are barred because the present test under the FLSA to determine employee and employer status, and in particular to differentiate employees from independent contractors or non-employees, violates the First Amendment and the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and the corollary provisions of the Texas Constitution.

74.     Plaintiff's claims are barred because the regulations promulgated by the United States Department of Labor under the Fair Labor Standards Act are invalid.

75.     Plaintiff is barred from proceeding as a collective action under her Complaint due to the lack of an ascertainable or identifiable collective.

76.     Plaintiff is barred from obtaining certification of a collective action under her Complaint because the members of any potential collective are not sufficiently numerous in order to justify this matter proceeding on a collective action basis.

77.     Plaintiff is barred from obtaining certification of a collective action under her Complaint due to the absence of a commonality of interests.

78.     Plaintiff is barred from obtaining certification of a collective action under her

Complaint because a collective action is not the superior method of adjudicating these disputes.

79.     Plaintiff is barred from obtaining certification of a collective action under her Complaint because of the inadequacy of Plaintiff as a representative of the putative collective.

80.     Plaintiff is barred from obtaining certification of a collective action under her Complaint because the circumstances of Plaintiff are not typical of the putative collective.

81.     Plaintiff is barred from obtaining certification of a collective action under her Complaint because of the absence of common questions of fact, and/or because of the absence of similarity concerning the circumstances of Plaintiff and of the putative collective members.

82.     Plaintiff is barred from obtaining certification of a collective action under her Complaint because class treatment does not benefit the Court or the parties.

83.     Plaintiff is barred from obtaining certification of a collective action under her Complaint because common questions of law or fact do not predominate.

84.     Plaintiff is barred from obtaining certification of a collective action under her Complaint because any damages are unique, individualized, and/or nominal.

85.     Plaintiff is barred from obtaining collective certification because the collective members are subject to unique defenses.

86.     Plaintiff is barred from obtaining collective certification because the collective members are subject to unique counterclaims.

87.     To the extent any other individuals join or become a part of this action, each and every one of the affirmative defenses set forth above are pled as being applicable to

13

such individual, or individuals, as well.

Defendant reserves the right to supplement these affirmative defenses as they become known during the course of discovery, and in the event that other individuals may consent to join this action or become a part thereof, thereby raising additional affirmative defenses particularly relevant to such individual(s).

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

88.    Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S. Code §2201, Defendant hereby requests a declaration that Plaintiff is a licensee and not an "employee" as that term is defined under the FLSA, and therefore that Plaintiff lacks standing to seek affirmative relief against Defendant under the FLSA. Plaintiff specifically contracted as a licensee for the non-exclusive right to provide her entertainment services on Defendant's premises. In her license agreement, Plaintiff specifically acknowledged and agreed that the relationship between Plaintiff and Defendant is that of a Licensor/Licensee, and not that of an Employer/Employee.

89.    In the alternative, Defendant hereby requests a declaration that Plaintiff is an independent contractor and not an "employee" as that term is defined under the FLSA, and therefore that Plaintiff lacks standing to seek affirmative relief against Defendant under the FLSA. Plaintiff specifically contracted as a licensee for the non-exclusive right to provide her entertainment services on Defendant's premises. As a professional entertainer, Plaintiff contracted to provide her entertainment services to customers using Defendant's venue and did not contract with Defendant as an employee.

## PRAYER FOR RELIEF

**Wherefore,** Defendant requests that this Honorable Court enter an order that:

14

1.     Denies each and every element of relief requested by the Plaintiff;

2.     Dismisses each and every cause of action alleged by the Plaintiff in her Original Complaint.

3.     Denies notification of any collective action;

4.     Declares that Plaintiff is not an employee within the meaning of the FLSA and therefore lacks standing to seek affirmative relief under the FLSA against Defendant.

5.     Provides for return of all Entertainment Fees obtained by the Plaintiff;

6.     Provides for restitution, including a return of all Entertainment Fees, or for set-offs of Entertainment Fees received by Plaintiff against any award of wages, overtime payments, monetary benefits, or other accouterments of employment to which Plaintiff may be found to be entitled in this action;

7.     Provides for damages as determined to be just and equitable;

8.     Provides for an accounting of all Entertainment Fees, Dance Tips, and Stage Tips earned by Plaintiff;

9.     Award the Defendant its attorney fees, costs and interest so wrongfully incurred; and

10.    Provides for such other relief as the Court may deem just and proper.


Dated: August 12th, 2024                    Respectfully submitted,

                                            MONSHAUGEN & VAN HUFF, P.C.

                                            /s/ Albert T. Van Huff
                                            ALBERT T. VAN HUFF
                                            S.D. Texas No. 26968

Texas Bar No. 24028183
ISABELLE D. VARLAN
S.D. Texas No. 3686227
Texas Bar No. 24107235
MARISSA EYMARD
S.D. Texas No. 3878514
Texas Bar No. 24137360
1225 North Loop West, Suite 640
Houston, Texas  77008
Tel. (713) 880-2992
Fax (713) 880-5297
al@vanhuff.com
ivarlan@vanhuff.com
meymard@vanhuff.com

ATTORNEYS FOR DEFENDANT
SILVER RAIN, LLC D/B/A AREA 29

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been filed with the Court on this the 12th day of August, 2024, using the ECF system, and the Clerk of the Court has electronically served notice upon all parties registered to receive electronic notice of this case as follows:

Sean Short
SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
(501) 221-0088
email: sean@sanfordlawfirm.com

Attorney for Plaintiff

/s/ Albert T. Van Huff
Albert T. Van Huff