IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **WHITNEY EZENWA, Individually and on Behalf of All Others Similarly Situated** | **PLAINTIFF** |
| vs.  No. 4:24-cv-2650 | |
| **SILVER RAIN, LLC, d/b/a AREA 29 HOUSTON** | **DEFENDANT** |

## MOTION TO DISMISS COUNTERCLAIM FOR DECLARATORY JUDGMENT AND INCORPORATED BRIEF IN SUPPORT

Plaintiff Whitney Ezenwa, individually and on behalf of all others similarly situated, by and through her attorneys of Sanford Law Firm, PLLC, for her Motion to Dismiss Counterclaim for Declaratory Judgment, states and alleges as follows:

1. Plaintiff filed her Original Complaint—Collective Action on July 16, seeking recovery of unpaid overtime wages for herself and others similarly situated under the FLSA. Complaint, ECF. No. 1.

2. Defendant filed its Answer on August 12, and included a "Counterclaim for Declaratory Judgment," requesting a declaration from the Court that "Plaintiff is a licensee and not an 'employee,'" or alternatively that "Plaintiff is an independent contractor and not an 'employee.'" Answer, ECF No. 9, ¶ 88–89.

3. For the reasons set forth below in Plaintiff's Incorporated Brief in Support, declaratory judgment is inappropriate, and Defendant's Counterclaim should be dismissed.

Page 1 of 7
Whitney Ezenwa, et al. v. Silver Rain, LLC, d/b/a Area 29 Houston
U.S.D.C. (S.D. Tex.) No. 4:24-cv-2650
Motion to Dismiss Counterclaim for Declaratory Judgment

WHEREFORE, premises considered, Plaintiff Whitney Ezenwa, individually and on behalf of all others similarly situated, prays that the Court dismiss Defendant's Counterclaim for Declaratory Judgment; for her costs and a reasonable attorney's fee; and for all other just and proper relief to which she may be entitled.

## INCORPORATED BRIEF IN SUPPORT

Defendant's Counterclaim for Declaratory Judgment is inappropriate because a) it runs counter to the intended purpose of the Declaratory Judgment Act; b) it serves no practical purpose in this case; and c) well-established Fifth Circuit precedent mandates its dismissal. This Court should dismiss Defendant's Counterclaim.

A. **Legal Standard**

The purpose of the Declaratory Judgment Act is to "relieve potential defendants from the Damoclean threat of impending litigation which a harassing adversary might brandish, while initiating suit at his leisure or never." *Japan Gas Lighter Ass'n v. Ronson Corp.*, 257 F. Supp. 219, 237 (D.N.J. 1966); *see also Sherwin-Williams Co. v. Holmes Cty.*, 343 F.3d 383, 397 (5th Cir. 2003) ("A proper purpose of section 2201(a) is to allow potential defendants to resolve a dispute without waiting to be sued or until the statute of limitations expires.") (citing *Texas Emplrs.' Ins. Assoc. v. Jackson*, 862 F.2d 491, 505 (5th Cir. 1988); *Walmart Inc. v. United States DOJ*, 21 F.4th 300, 311 (5th Cir. 2021) (dismissing a request for declaratory judgment because, among other reasons, the plaintiff had already brought suit in another district).

Further, claims for declaratory judgment must "seek[] to define the legal rights and obligations of the parties in anticipation of some future conduct, not . . . proclaim liability for a past act." *Haggard v. Bank of the Ozarks*, 547 F. App'x 616, 620 (5th Cir. 2013)

Page 2 of 7
Whitney Ezenwa, et al. v. Silver Rain, LLC, d/b/a Area 29 Houston
U.S.D.C. (S.D. Tex.) No. 4:24-cv-2650
Motion to Dismiss Counterclaim for Declaratory Judgment

(citing *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003)). *See also Mh Sub 1, LLC v. FPK Servs., LLC*, No. 1:18-CV-834-RP, 2019 U.S. Dist. LEXIS 241522, at *12-13 (W.D. Tex. June 21, 2019) ("the purpose of the Declaratory Judgment act is not the declaration of non-liability for past conduct, but to settle actual controversies before they ripen into violations of the law or breach of some contractual duty and to prevent the accrual of avoidable damages to those uncertain of rights.").

The Fifth Circuit has set forth factors for a court to consider when analyzing requests for declaratory judgment:

> "1) whether there is a pending state action in which all of the matters in controversy may be fully litigated, 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, 3) whether the plaintiff engaged in forum shopping in bringing the suit, 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, 5) whether the federal court is a convenient forum for the parties and witnesses, . . . 6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy," and . . . [7)] whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Ironshore Specialty Ins. Co. v. Tractor Supply Co.*, 624 F. App'x 159, 164 (5th Cir. 2015) (quoting *St. Paul Insurance Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994)). Not all factors are implicated here, but the factors that are weigh heavily in favor of dismissal of Defendant's Counterclaim for Declaratory Relief.

**B. Argument**

Defendant's Counterclaim for Declaratory Relief accomplishes nothing. It is improperly raised because it does not serve the purposes of the Declaratory Judgment Act and does not provide any remedy or relief to Defendant that is not also available in

Page 3 of 7
Whitney Ezenwa, et al. v. Silver Rain, LLC, d/b/a Area 29 Houston
U.S.D.C. (S.D. Tex.) No. 4:24-cv-2650
Motion to Dismiss Counterclaim for Declaratory Judgment

the underlying claims. Accordingly, Defendant's Counterclaim is a sham and a waste of judicial resources; the Counterclaim should be dismissed.

1. <u>Defendant's Counterclaim does not serve the purposes of the Declaratory Judgment Act under which it was brought.</u>

Defendant's request for declaratory relief is procedurally improper and serves no purpose within the underlying litigation. Defendant is not suffering under any "threat of impending litigation" that the Act was intended to remedy; rather, Defendant is suffering under the immediate threat of actual litigation. *Japan Gas Lighter Ass'n*, 257 F. Supp. at 237. Accordingly, Defendant has no need to clear the air by seeking declaratory relief because there will be clarity regardless—the Court will resolve the exact issues for which Defendant seeks relief when it resolves the claims Plaintiff brought in her Complaint. There is no reason to consider separate declaratory relief.

Likewise, declaratory relief in this case will not define or resolve any future rights or obligations. Defendant essentially seeks declaratory judgment stating that it is not liable for its past actions regarding the FLSA classification of Plaintiff's employment. Again, this dispute is the very basis of Plaintiff's claims and any need for clarification regarding future classification of Defendant's employees will be resolved regardless of whether the Court rules on Defendant's declaratory judgment claims.

2. <u>Fifth Circuit precedent mandates dismissal of the Counterclaim.</u>

Consideration of the *Trejo* factors weighs heavily in favor dismissing Defendant's request for declaratory judgment. 39 F.3d at 590–91. Of the seven factors, the following favor dismissal: 1) "whether there is a pending state action in which all of the matters in controversy may be fully litigated;" 2) "whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;" 3) "whether possible inequities in allowing the declaratory

Page 4 of 7
Whitney Ezenwa, et al. v. Silver Rain, LLC, d/b/a Area 29 Houston
U.S.D.C. (S.D. Tex.) No. 4:24-cv-2650
Motion to Dismiss Counterclaim for Declaratory Judgment

plaintiff to gain precedence in time or to change forums exist;" and 4) "whether retaining the lawsuit in federal court would serve the purposes of judicial economy." *Id*. The remaining factors are neutral and weigh neither in favor of nor against dismissal.[1]

While there is not a pending *state* action in which all matters in controversy in this case may be fully litigated, there is a pending action *in this very Court* in which the issues Defendant seeks to resolve will be fully litigated, even absent a declaratory judgment. This factor weighs in favor of dismissal. Next, as stated above, Defendant obviously did not file its claim in anticipation of a lawsuit filed by Plaintiff because it brought its request as a counterclaim to Plaintiff's claims. Defendant is not anticipating a lawsuit because it has already been sued. This factor weighs in favor of dismissal.

The third factor at issue, whether inequities may result should the Court grant the declaratory judgment, also weighs in favor of dismissal. Under Federal Rule of Civil Procedure 57, the Court may "order a speedy hearing of a declaratory-judgment action" in response to Defendant's request, but may not violate Plaintiff's right to due process by ordering such a speedy resolution that Plaintiff is not allowed sufficient time to gather a proper evidentiary record. *See generally*, *United States v. Stein*, 452 F. Supp. 2d 230, 271 (S.D.N.Y. 2006). Plaintiff's case will rely heavily on witness testimony, both her own, that of her co-workers and putative members of the collective, and of her managers and bosses who scheduled her work hours and made decisions regarding Defendant's

---

[1] These factors are as follows: 1) whether Defendant engaged in forum shopping, which is irrelevant because Defendant tacked its claims onto the claims already brought by Plaintiff; 2) whether the federal court is a convenient forum for the parties and witnesses, which is irrelevant for the same reason as the previous; and 3) "whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending," which is irrelevant because there is no state judicial decree involved.

Page 5 of 7
Whitney Ezenwa, et al. v. Silver Rain, LLC, d/b/a Area 29 Houston
U.S.D.C. (S.D. Tex.) No. 4:24-cv-2650
Motion to Dismiss Counterclaim for Declaratory Judgment

payment policies. Plaintiff will also require documents and personnel data that is in Defendant's possession and control. If Plaintiff is unable to obtain this evidence via written discovery, she will schedule multiple depositions. This record-gathering takes time and effort that may not be available under the speedy resolution standard of Rule 57.

At best, allowing Defendant's request for declaratory judgment to take precedence in time over Plaintiff's initial claims will result in zero change to the timeline of this case (and is thus a procedural irrelevance) because the Court will permit Plaintiff the exact same time for discovery that she would have absent the speedy declaratory relief claims. Alternatively, however, pursuing a speedy resolution will result in gross inequities to Plaintiff, in addition to violations of due process, because she will be unable to marshal the evidence otherwise available to her absent the declaratory judgment claims.

Finally, maintaining Defendant's Counterclaim does not serve the purposes of judicial economy. As stated above, inserting declaratory judgment claims into this case merely muddies the procedures and bogs down the docket without adding anything that would not be achieved in the underlying lawsuit. Defendant brings no novel claims, has no need for a speedy resolution, and requests no novel relief. Defendant's request for declaratory judgment is performative grandstanding that accomplishes nothing. This factor weighs in favor of dismissal.

### C. Conclusion

For the forgoing reasons, Plaintiff respectfully requests that the Court dismiss Defendant's Counterclaim for Declaratory Judgment.

Page 6 of 7
Whitney Ezenwa, et al. v. Silver Rain, LLC, d/b/a Area 29 Houston
U.S.D.C. (S.D. Tex.) No. 4:24-cv-2650
Motion to Dismiss Counterclaim for Declaratory Judgment

Respectfully submitted,

**WHITNEY EZENWA, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

## CERTIFICATE OF SERVICE

I certify that on this the date imprinted by the CM/ECF system, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification to the following attorney(s) of record:

Albert T. Van Huff, Esq.
Isabelle D. Varlan, Esq.
Marissa Eymard, Esq.
MONSHAUGEN & VAN HUFF, P.C.
1225 North Loop West, Suite 640
Houston, Texas 77008
al@vanhuff.com
ivarlan@vanhuff.com
meymard@vanhuff.com

*/s/ Sean Short*
**Sean Short**

Page 7 of 7
Whitney Ezenwa, et al. v. Silver Rain, LLC, d/b/a Area 29 Houston
U.S.D.C. (S.D. Tex.) No. 4:24-cv-2650
Motion to Dismiss Counterclaim for Declaratory Judgment