**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **WHITNEY EZENWA Individually and on Behalf of All Others Similarly Situated** | § § § § | |
| **Plaintiff** | § § | |
| **V.** | § § | **CIVIL ACTION NO. 4:24-CV-2650** |
| **SILVER RAIN, LLC d/b/a AREA 29 HOUSTON** | § § § | |
| **Defendant.** | § § § | |

**DEFENDANT SILVER RAIN, LLC**
**D/B/A AREA 29'S MOTION TO COMPEL ARBITRATION**

Defendant Silver Rain, LLC d/b/a Area 29 ("Defendant") asks the Court to compel Plaintiff Whitney Ezenwa ("Plaintiff") to enter into arbitration and to stay the lawsuit pending resolution of the arbitration proceeding.

**A. Introduction**

1.     Plaintiff is Whitney Ezenwa; Defendant is Silver Rain, LLC d/b/a Area 29.

2.     Plaintiff sued Defendant alleging violations of the minimum wage and overtime provisions of the Fair Labor Standards Act (the "FLSA") thereof.

3.     The initial pretrial and scheduling conference is set for October 3, 2024 before Magistrate Judge Richard W. Bennett.

4.     Defendants asks the Court to compel Plaintiff to arbitrate her claims in accordance a valid arbitration agreement signed by Plaintiff.

**B. Factual Background**

5.     Defendant is an adult entertainment club located in Houston, Texas.

6.      Plaintiff is an exotic dancer who performs at the club in accordance with a

License Terms and Conditions contract (the "Contract"), that was signed by Plaintiff on July

27, 2022.  *See* License Terms and Conditions contract, attached as Exhibit A.

7.      The arbitration clause (which includes a collective action waiver), contained

in the Contract states:

"**15. Arbitration.**

**The parties agree that any controversy, dispute, or claim arising out of this Agreement or otherwise out of Entertainer performing at the Premises shall be exclusively decided by binding arbitration pursuant to the Federal Arbitration Act (the "FAA"), and any disputes under this Agreement will be governed and settled by an impartial independent appointed by the American Arbitration Association ("AAA"), in Harris County, Texas, and the determination of the arbitrator shall be final and binding (except to the extent there exists grounds for vacation fo an award under applicable arbitration statutes).** The parties agree that the AAA Optional Rules for Emergency Measures of Protection shall apply to any proceedings commenced under this Section.

The arbitrator will have no authority to make any ruling, finding or award that does not conform to the terms and conditions of this Agreement. **Each party shall bear its own costs in any arbitration.** The arbitration provision contained herein shall be self-executing and shall remain in full force after expiration or termination of this Agreement.  In the event any party fails to appear at any properly noticed arbitration proceeding, an award may be entered against such party by default or otherwise, notwithstanding such failure to appear. The place of arbitration shall be the State of Texas, Country of Harris. **The arbitrator shall give effect insofar as possible to the desire of the parties hereto that the dispute or controversy be resolved in accordance with good commercial arbitration rules of the American Arbitration Association** and Title 9 of the U.S. Code, except to the extent that such rules conflict with the provisions of this Section 15 in which event the provisions of this Section 15 shall control.

**THE PARTIES WAIVE ANY RIGHT TO LITIGATE SUCH CONTROVERSIES, DISPUTES, OR CLAIMS IN A COURT OF LAW,**

2

**AND WAIVE THE RIGHT TO TRIAL BY JURY.** ALL PARTIES SHALL HAVE THE RIGHT TO BE REPRESENTED BY LEGAL COUNSEL AT ARBITRATION. THE ARBITRATOR SHALL PERMIT REASONABLE DISCOVERY. THE PARTIES  SHALL HAVE THE RIGHT TO SUBPOENA WITNESSES IN ORDER TO COMPEL THEIR ATTENDANCE AT HEARINGS AND TO CROSS-EXAMINE WITNESSES, AND THE ARBITRATOR'S DECISION SHALL BE IN WRITING AND SHALL CONTAIN FINDINGS OF FACT AND CONCLUSIONS OF LAW. THE ARBITRATORS DECISION SHALL BE FINAL, SUBJECT ONLY TO REVIEW PURSUANT TO THE FAA. FOR ANY CLAIMS OF THE LICENSEE BASED UPON ANY FEDERAL, STATE, OR LOCAL STATUTORY PROTECTIONS, THE VENUE SHALL PAY ALL FEES CHARGED BY THE ARBITRATOR. THE ARBITRATOR SHALL HAVE EXCLUSIVE AUTHORITY TO RESOLVE ANY AND ALL DISPUTES OVER THE VALIDITY OF ANY PART OF THIS LICENSE, AND ANY WARD BY THE ARBITRATOR MAY BE ENTERED AS A JUDGMENT IN ANY COURT HAVING JURISDICTION. **LICENSEE UNDERSTANDS AND ACKNOWLEDGES THAT BY SIGNING THIS AGREEMENT SHE SPECIFICALLY WAIVES ANY RIGHT TO PARTICIPATE IN ANY CLASS ACTION OR COLLECTIVE ACTION IN ANY FORUM AND IT AT ANY TIME LICENSEE IS DEEMED A MEMBER OF ANY CLASS CREATED BY ANY COURT IN ANY PROCEEDING, SHE WILL "OPT OUT" OF SUCH CLASS AT THE FIRST OPPORTUNITY AND SHOULD ANY THIRD PARTY PURSUE ANY CLAIMS ON HER BEHALF, LICENSEE SHALL WAIVE HER RIGHTS TO ANY SUCH MONETARY RECOVERY. ALL CLAIMS AND DISPUTES BETWEEN THE LICENSEE AND THE VENUE (AND ANY OTHER PERSONS OR ENTITIES ASSOCIATED WITH THE VENUE) SHALL BE ARBITRATED INDIVIDUALLY."**

*See Id.* at p.4, sec. 15 (**emphasis added**).

## C. Arguments and Authorities

8.      When a party seeking to compel arbitration proves that the parties contractually agreed to arbitrate and that the claim at issue is arbitrable, a court should compel arbitration. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985)*; Dealer Comput. Servs., Inc. v. Old Colony Motors, Inc.*, 588 F.3d 884, 886 (5th Cir. 2009).

3

9.      When considering a motion to compel arbitration, courts conduct a two-step inquiry. *Dealer Comput. Servs., Inc. v. Old Colony Motors, Inc.*, 588 F.3d 884, 886 (5th Cir. 2009)*; Will-Drill Res., Inc. V. Samson Res. Co., 352 F.3D 211, 214 (5th Cir. 2003).* First, courts consider (1) whether the parties agreed to arbitrate; and (2) whether a federal statute or policy renders the claims nonarbitrable. *Dealer Comput. Servs., Inc.* at 886. To answer the first question, the court considers (i) whether a valid agreement to arbitrate exists and (ii) whether the dispute falls within the scope of that agreement. *Id.*

### C(1). Plaintiff signed the License Terms and Conditions which includes a valid agreement to arbitrate, and the dispute at issue falls within the scope of that arbitration agreement.

10.      There is a contractual agreement to arbitrate when the parties have entered into a valid arbitration agreement and the dispute falls within the scope of the agreement. *Id.*

11.      The parties entered into a valid, written contractual agreement, containing an arbitration clause. *Id.*

12.      The arbitration clause in section 15 of the Contract requires "any controversy, dispute, or claim arising out of this Agreement or otherwise out of Entertainer performing at the Premises" to be "exclusively decided by binding arbitration pursuant to the Federal Arbitration Act (the "FAA"), and any disputes under this Agreement will be governed and settled by an impartial independent appointed by the American Arbitration Association ("AAA"), in Harris County, Texas." *Id.*

13.      The License Terms and Conditions provides further that "the parties waive any right to litigate such controversies, disputes, or claims in a court of law, and waive the

4

right to trial by jury." *Id.*

14.     There can be no question that the arbitration clause at issue in this case applies to Plaintiff's claims and allegations for unpaid wages under the FLSA. The heart of the dispute is in connection with the performance services rendered by Plaintiff at Area 29 and the Plaintiff seeking wages related to said performance rendered, and her claims are therefore governed by the arbitration clause in the Contract. Further, the arbitration clause explicitly states that the License "specifically waives any right to participate in any class action or collective action in any forum and it at any time licensee is deemed a member of any class created by any court in any proceeding, she will "opt out" of such class at the first opportunity and should any third party pursue any claims on her behalf, licensee shall waive her rights to any such monetary recovery. All claims and disputes between the licensee and the venue (and any other persons or entities associated with the venue) shall be arbitrated individually." *Id.*  Therefore, the Plaintiff agreed to and did waive her right to participate in any collective action and instead participate in arbitration.

### C(2) There is no federal statute or policy<br>that renders the claims nonarbitrable.

15.     The FAA establishes a liberal federal policy favoring arbitration agreements, and lower courts should "rigorously enforce arbitration agreements according to their terms, including terms that specify with whom [the parties] choose to arbitrate their disputes, and the rules under which that arbitration will be conducted. *Am. Express Co. v. Italian Colors Restaurant*, 570 U.S. 229, 223 (2013) (internal quotation marks and citations omitted; emphasis and brackets in original.) Furthermore, absent a "contrary congressional command prohibiting waivers of class arbitration," arbitration clauses waiving rights to class

5

or collective actions should be enforced. *Id.* The Supreme Court has held that neither the National Labor Relations Act nor the FLSA contain any such language, and arbitration clauses containing collective action waivers are enforceable pursuant to the broad purpose of the Federal Arbitration Act. *Epic Systems Corp. v. Lewis*, 138 S.Ct. 1612, 1632 (2018).

16.     Moreover, "the Federal Arbitration Act (FAA) expresses a strong national policy favoring arbitration of disputes, and all doubts concerning the arbitrability of claims should be resolved in favor of arbitration." *Wash. Mut. Fin. Grp., L.L.C. v. Bailey*, 364 F.3d 260, 263 (5th Cir. 2004) (quotations omitted). Specifically, pursuant to the FAA, individually executed arbitration agreements do not only preclude an individual from pursuing an FLSA claim in court, but also from proceeding in a collective action. *Epic*, 138 S. Ct. at 1632.

17.     The Contract is not unenforceable or unconscionable as a matter of Texas contract law. *See Carrell v. L & S Plumbing P'ship, Ltd.*, CIV.A. H-10-2523, 2011 WL 3300067, at *3 (S.D. Tex. Aug. 1, 2011) (state law governs defenses to enforceability of contracts containing arbitration provisions). Courts in Texas and in other jurisdictions have enforced arbitration provisions to FLSA claims brought by adult entertainers over challenges of unconscionability. See *Henderson v. A & D Interests, Inc.*, No. 3:17-CV-096, 2018 WL 1240431, at *2 (S.D. Tex. Mar. 9, 2018); *Stevenson v. Great Am. Dream, Inc.,* Civil Action File No. 1:120CV03369-TWT, 2014 WL 186101, at *3 (N.D. Georgia, Jan. 16, 2014)("[L]ack of sophistication or economic disadvantage of one attacking arbitration will not amount to unconscionability"); *D'Antuono v. Service Road Corp.*, 789 F.Supp. 308, 344 (D. Conn. 2011) ("In all litigation, plaintiffs and their attorneys take on a risk of spending money on litigation that they may eventually be unable to recover from any defendants").

6

18.     The License Terms and Conditions requires this dispute to be arbitrated in the state of Texas. This Court should compel Plaintiff to arbitration in accordance with the arbitration provisions in her agreement and in accordance with Federal policy and stay her causes of action against Defendant pending resolution of the arbitration proceeding. *Smith v. Spizzirri*, 601 U.S. 472, 472, 144 S. Ct. 1173, 1174, 218 L.Ed.2d 494 (May 2024).

19.     Based upon the forgoing, this case should be stayed pending the resolution of the arbitration.

### D. Prayer

For these reasons, Defendant Silver Rain, LLC d/b/a Area 29 asks the Court to grant the motion to compel arbitration and to stay the lawsuit pending resolution of the arbitration proceeding.

7

Respectfully submitted,

MONSHAUGEN & VAN HUFF, P.C.

/s/ Albert T. Van Huff
ALBERT T. VAN HUFF
S.D. Texas No. 26968
Texas Bar No. 24028183
ISABELLE D. VARLAN
S.D. Texas No. 3686227
Texas Bar No. 24107235
MARISSA EYMARD
S.D. Texas No. 3878514
Texas Bar No. 24137360
1225 North Loop West, Suite 640
Houston, Texas  77008
Tel. (713) 880-2992
Fax (713) 880-5297
al@vanhuff.com
ivarlan@vanhuff.com
meymard@vanhuff.com

ATTORNEYS FOR DEFENDANT
SILVER RAIN, LLC D/B/A AREA 29

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been filed with the Court on this the 30th day of August, 2024, using the ECF system, and the Clerk of the Court has electronically served notice upon all parties registered to receive electronic notice of this case as follows:

Mr. Sean Short
SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
(501) 221-0088
email: sean@sanfordlawfirm.com

Attorney for Plaintiff

/s/ Albert T. Van Huff
Albert T. Van Huff

8