IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WHITNEY EZENWA Individually and on Behalf of All Others Similarly Situated | § § § § | |
| Plaintiff | § § | |
| V. | § § | CIVIL ACTION NO. 4:24-CV-2650 |
| SILVER RAIN, LLC d/b/a AREA 29 HOUSTON | § § § § § | |
| Defendant. | § | |

### DEFENDANT SILVER RAIN, LLC D/B/A AREA 29'S RESPONSE TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM FOR DECLARATORY JUDGEMENT

Defendant Silver Rain, LLC d/b/a Area 29 ("Defendant") files this Response to Plaintiff's Motion to Dismiss Counterclaim for Declaratory Judgement (Motion) and asks the Court to deny the Motion.

### BACKGROUND

Plaintiff Whitney Ezenwa ("Plaintiff") is an exotic dancer who performs at Defendant's club in accordance with a written contact. Specifically, on July 27, 2022, Plaintiff entered into a License Terms and Conditions contract (the "Contract") with Defendant which specifically states that she is a licensee, not an employee of Defendant. *See* Licence Terms and Conditions, pg. 3, sec. 8, attached as Ex. A. The Contract also contains an arbitration clause which requires "any controversy, dispute, or claim arising out of this Agreement...to be exclusively decided by binding arbitration pursuant to the Federal Arbitration Act." *See* Licencee Terms and Conditions, pg. 4, sec. 15, attached as Ex. A. On September 9, 2024, Defendant filed a Motion to Compel Arbitration, which is pending

before the Court. For the reasons set forth herein, the Court should either 1) decline to rule on Plaintiff's Motion to Dismiss Counterclaim in favor of the arbitration or 2) deny the Motion to Dismiss Counterclaim.

## ARGUMENTS AND AUTHORITIES

### I. Arbitration Motion Pending

Defendant filed a Motion to Compel Arbitration on September 3, 2024 based on a valid, written contractual agreement between the parties hereto that contains an arbitration clause requiring "any controversy, dispute, or claim arising out of this Agreement...to be exclusively decided by binding arbitration pursuant to the Federal Arbitration Act." *Id.* Section 3 of the Federal Arbitration Act (FAA), provides that when a dispute is subject to arbitration, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C. § 3; *Smith v. Spizzirri*, 601 U.S. 472, 472, 144 S. Ct. 1173, 1174, 218 L.Ed.2d 494 (May 2024). This dispute is subject to arbitration because the parties contractually entered into an arbitration agreement and the Defendant has applied for a stay of the lawsuit pending resolution of the arbitration proceeding. Therefore, the Court should decline to rule on Plaintiff's Motion, as the issues presented therein should be decided by the arbitrator assigned to the case.

### II. Response to Plaintiff's Motion on the Merits

In the event that the Court does not decline to rule on Plaintiff's Motion pending the arbitration proceeding, Defendant requests that the Court deny Plaintiff's Motion.

Defendant's Counterclaim for Declaratory Judgement is proper in this case because it seeks a declaration regarding Plaintiff's status as a licensee rather than an employee within a contract between the parties. See *Evanston Ins. Co. v. Legacy of Life, Inc.*, 645 F.3d 739, 743 (5th Cir. 2011) (declaratory judgement sought under Federal Declaratory Judgement Act seeking a declaration of rights under a policy was appropriate); *Ancor Holdings, L.P. v. Landon Capital Partners, L.L.C.*, No. 23-10552, 2024 WL 3912173, at *4 (5th Cir. Aug. 23, 2024) (declaratory judgement claim under the Federal Declaratory Judgement Act seeking interpretation of a contract was proper). Plaintiff and Defendant entered into a license agreement in which Plaintiff specifically acknowledged and agreed that the relationship between Plaintiff and Defendant is that of a Licensor/Licensee, and not that of an Employer/Employee. Therefore, it is proper for the Court to declare that Plaintiff is a licensee and not an "employee" as agreed to in the contract between the parties, as such a declaration is a question of law regarding the interpretation of the Contract and would dispose of this case in its entirety.

### C. Prayer

For these reasons, Defendant Silver Rain, LLC d/b/a Area 29 asks the Court to either 1) decline to rule on Plaintiff's Motion to Dismiss Counterclaim in favor of the arbitration or 2) deny the Motion to Dismiss Counterclaim.

Respectfully submitted,

MONSHAUGEN & VAN HUFF, P.C.

/s/ Albert T. Van Huff
ALBERT T. VAN HUFF
S.D. Texas No. 26968
Texas Bar No. 24028183
ISABELLE D. VARLAN
S.D. Texas No. 3686227
Texas Bar No. 24107235
MARISSA EYMARD
S.D. Texas No. 3878514
Texas Bar No. 24137360
1225 North Loop West, Suite 640
Houston, Texas  77008
Tel. (713) 880-2992
Fax (713) 880-5297
al@vanhuff.com
ivarlan@vanhuff.com
meymard@vanhuff.com

ATTORNEYS FOR DEFENDANT
SILVER RAIN, LLC D/B/A AREA 29

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document has been filed with the Court on this the 3rd day of September, 2024, using the ECF system, and the Clerk of the Court has electronically served notice upon all parties registered to receive electronic notice of this case as follows:

Mr. Sean Short
SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
(501) 221-0088
email: sean@sanfordlawfirm.com

Attorney for Plaintiff

/s/ Albert T. Van Huff
Albert T. Van Huff

4