IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**WHITNEY EZENWA, Individually and on**                        **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                        No. 4:24-cv-2650

**SILVER RAIN, LLC, d/b/a AREA 29 HOUSTON**                        **DEFENDANT**

<u>**RESPONSE TO MOTION TO COMPEL ARBITRATION**</u>

**I.    INTRODUCTION**

It's axiomatic that most requests for enforcement of an arbitration agreement should be granted. But it's only most and not all. And when an employer doesn't bind itself to arbitrate, but only purports to bind the employee, and then doubles down on that decision by filing a counterclaim instead of first moving to compel arbitration—that's just the sort of thing that makes a careful judge take a longer look at the issues.

Defendant's Motion to Compel Arbitration (ECF No. 11) must be denied because Defendant has waived its right to enforce any arbitration terms by substantially invoking the judicial process in filing its Counterclaim, or, in the alternative, because the agreement Defendant seeks to enforce against Plaintiff is unenforceable under Texas law. The arbitration terms contained in the License Terms and Conditions ("License") are wholly one-sided in Defendant's favor in that the entirety of the financial burden in seeking a resolution of Plaintiff's claims falls exclusively on Plaintiff. Moreover, the terms of the agreement fail to account for the underlying purposes inherent in the statutory provisions

Page 1 of 11
Whitney Ezenwa, et al. v. Silver Rain, LLC, d/b/a Area 29 Houston
U.S.D.C. (S.D. Tex.) No. 4:24-cv-2650
Response to Motion to Compel Arbitration

under which Plaintiff's dispute arose. Accordingly, the Agreement is unconscionable and unenforceable.

## II. LEGAL STANDARDS

In *Morgan v. Sundance, Inc.*, the Supreme Court abrogated the principle that courts must favor arbitration over litigation. 596 U.S. 411 (2022). "The federal policy is about treating arbitration contracts like all others, not about fostering arbitration." *Id*. Likewise, Texas state law, under which the License is to be interpreted according to its terms, "has no presumption in favor of arbitration when determining whether a valid arbitration agreement exists." *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003). Accordingly, this Court must apply basic principles of contract in analyzing the License rather than implementing any policy favoring arbitration.

Courts in the Fifth Circuit analyze arbitration agreements in two steps: "(1) whether there is a valid agreement to arbitrate; and (2) whether the dispute falls within the scope of that agreement." *Huckaba v. Ref-Chem, L.P.*, 892 F.3d 686, 688-89 (5th Cir. 2018) (citing *Klein v. Nabors Drilling USA L.P.,* 710 F.3d 234, 236 (5th Cir. 2013); *Kubala v. Supreme Prod. Servs., Inc.*, 830 F.3d 199, 201 (5th Cir. 2016)). Determining whether a contract exists is the purview of the judiciary rather than an arbitrator and is decided according to state contract laws. *Id*. (citing *Kubala*, 830 F.3d at 202). "The court's 'sole responsibility is to determine whether this dispute is governed by an arbitration [agreement], not to determine the merits of the dispute.'" *Bradford v. Brident Dental Servs., LLC*, No. H-23-3460, 2024 U.S. Dist. LEXIS 76716, at *5 (S.D. Tex. Apr. 26, 2024) (quoting *Pennzoil Exploration & Production Co. v. Ramco Energy Ltd.*, 139 F.3d 1061, 1067 (5th Cir. 1998)).

Page 2 of 11
Whitney Ezenwa, et al. v. Silver Rain, LLC, d/b/a Area 29 Houston
U.S.D.C. (S.D. Tex.) No. 4:24-cv-2650
Response to Motion to Compel Arbitration

Under Texas law, courts must recognize an arbitration agreement's delegation provision that mandates any issues of arbitrability be decided by an arbitrator rather than the Court. *Earth Motorcars, LLC v. Glowka*, No. 04-23-00166-CV, 2024 Tex. App. LEXIS 3650, at *7 (Tex. App. May 29, 2024). "An agreement to arbitrate a gateway issue is simply an additional, antecedent agreement the party seeking arbitration asks the [trial court] to enforce, and the FAA operates on this additional arbitration agreement just as it does on any other." *Id*. (quoting *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 70 (2010)). "In other words, '[a] delegation provision is itself a separate and severable arbitration agreement.'" *Taylor Morrison of Tex., Inc. v. Skufca*, 650 S.W.3d 660, 674 (Tex. App. 2021) (quoting *Berry Y&V Fabricators, LLC v. Bambace*, 604 S.W.3d 482, 487 (Tex. App. 2020)). "Thus, a delegation provision is severable from the remainder of the arbitration agreement, and a party's challenge to another provision of the contract [i.e., the arbitration agreement], or to the larger contract as a whole, does not prevent a court from enforcing a specific agreement to arbitrate, such as a delegation provision." *Id.* When faced with a delegation provision, courts must compel arbitration unless the clause's validity is specifically challenged. *Earth Motorcars, LLC*, 2024 Tex. App. LEXIS 3650, at *8.

### III.    ARGUMENT

Plaintiff filed this lawsuit on July 16 (ECF No. 1); Defendant filed responded on August 12 (ECF No. 9). Contained within its Answer was Defendant's Counterclaim for Declaratory Judgment, in which Defendant sought affirmative relief from the Court on the exact issues and claims as the underlying Complaint. Accordingly, by invoking the Court to resolve the issues for which Plaintiff sued Defendant in the first place, Defendant has

Page 3 of 11
Whitney Ezenwa, et al. v. Silver Rain, LLC, d/b/a Area 29 Houston
U.S.D.C. (S.D. Tex.) No. 4:24-cv-2650
Response to Motion to Compel Arbitration

waived its right to enforce the arbitration terms of the License. *See* Section A, *infra*. In the alternative, the License's arbitration terms are so egregiously one-sided in favoring Defendant that they are unconscionable and therefore unenforceable. Buried within the illegible, all-capitalized text mandating arbitration is the phrase "The Arbitrator shall have exclusive authority to resolve any and all disputes over the validity of any part of this License," which is presumably intended to be a delegation clause mandating issues of arbitrability be decided by an arbitrator rather than the Court. Plaintiff specifically challenges this delegation clause as similarly unconscionable to the rest of the arbitration terms. *See* Section B, *infra*. Defendant's Motion to Compel should be denied.

### A.     Defendant waived its right to enforce the arbitration terms.

The question whether a party has waived its right to enforce arbitration is governed by federal law. *International Energy Ventures Management, L.L.C. v. United Energy Group, Limited*, 999 F.3d 257, 266 & n.4 (5th Cir. 2021). In the Fifth Circuit, "a party waives its right to arbitrate by substantially invoking the judicial process."[1] *Rivera v. Ross Dress for Less, Inc.*, No. 4:22-CV-74, 2023 U.S. Dist. LEXIS 171266, *16 (S.D. Tex. Sep. 26, 2023) (citing *Forby v. One Technologies, L.P.*, 13 F.4th 460, 465 (5th Cir. 2021)). "The question of what constitutes a waiver of the right of arbitration depends on the facts of each case." *Id.* (quoting *Walker v. J.C. Bradford & Co.*, 938 F.2d 575, 576 (5th Cir. 1991)).

To invoke the judicial process, a party "must, at the very least, engage in some overt act in court that evinces a desire to resolve the arbitrable dispute through litigation

---

[1] The Supreme Court's ruling in Morgan v. Sundance, Inc., abrogated the Fifth (and other) Circuit's requirement that the party seeking waiver demonstrate it suffered prejudice by the opposing party's actions. 596 U.S. at 142 ("[T]he Eighth Circuit was wrong to condition a waiver of the right to arbitrate on a showing of prejudice.").

Page 4 of 11
**Whitney Ezenwa, et al. v. Silver Rain, LLC, d/b/a Area 29 Houston**
**U.S.D.C. (S.D. Tex.) No. 4:24-cv-2650**
**Response to Motion to Compel Arbitration**

rather than arbitration." *DHI Grp. Inc. v. Kent*, No. H-16-1670, 2018 U.S. Dist. LEXIS 36409, *7-9 (S.D. Tex. Jan. 9, 2018) (quoting *MC Asset Recovery LLC v. Castex Energy, Inc. (In re Mirant Corp.)*, 613 F.3d 584, 589 (5th Cir. 2010)). A party "only invokes the judicial process to the extent it litigates a specific claim it subsequently seeks to arbitrate." *Subway Equip. Leasing Corp. v. Forte*, 169 F.3d 324, 328 (5th Cir. 1999). "**A party waives arbitration by seeking a decision on the merits before attempting to arbitrate**." *Petroleum Pipe Ams. Corp. v. Jindal Saw, Ltd.*, 575 F.3d 476, 480 (5th Cir. 2009) (emphasis added). In *Mirant*, the Fifth Circuit determined that a party seeking dismissal a complaint based on its available affirmative defenses had substantially invoked the judicial process. 613 F.3d at 589. The Court noted that the defendant could have preserved its right to raise affirmative defenses by raising the motion to dismiss as an alternative to arbitration, but exclusively seeking a merits decision before attempting arbitration resulted in waiver. *Id*.

Here, Defendant filed its Counterclaim for Declaratory Judgment seeking affirmative relief as to the exact issue it now seeks to arbitrate. *See* Counterclaim, ECF No. 9. In the Counterclaim, Defendant requested the Court enter "a declaration that Plaintiff is a licensee and not an 'employee' as that term is defined under the FLSA, and therefore that Plaintiff lacks standing to seek affirmative relief against Defendant under the FLSA." *Id*. at ¶ 88. In the alternative, Defendant requested a declaration that Plaintiff is an independent contractor rather than an employee. *Id*. at ¶ 89. Defendant requested affirmative relief from the Court on the exact issues it now seeks to arbitrate. Plaintiff's classification as a "licensee" or independent contractor is an affirmative defense to Plaintiff's FLSA claims; as in *Mirant*, Defendant's request for declaratory relief is a request

Page 5 of 11
Whitney Ezenwa, et al. v. Silver Rain, LLC, d/b/a Area 29 Houston
U.S.D.C. (S.D. Tex.) No. 4:24-cv-2650
Response to Motion to Compel Arbitration

for a decision on the merits of Plaintiff's claims. 613 F.3d at 589; see also *Hooper v. Advance Am.*, 589 F.3d 917, 921 (8th Cir. 2009) (holding that a party had waived its right to arbitration when it filed a motion to dismiss on the merits, despite participating in no discovery or hearings and filing its motion to compel arbitration a mere 10 days after the plaintiffs filed an amended complaint). Because Defendant has already sought relief from this Court on the merits of the case, it cannot now seek to enforce arbitration.[2] Defendant has waived its right to enforce the arbitration terms of the License.

**B.     The License is unconscionable and unenforceable.**

In the alternative, the arbitration terms of the License should not be enforced because they are unconscionably one-sided in Defendant's favor.

   1. *Texas law governs the enforceability of the License.*

Whether the parties have entered into an enforceable agreement to arbitrate is a question of state contract law. *Huckaba*, 892 F.3d at 688 (citing *Kubala*, 830 F.3d at 202). Under Texas law, arbitration agreements are "valid unless grounds exist at law or in equity for revocation of the agreement." *In re Poly-America, L.P.*, 262 S.W.3d 337, 348 (Tex. 2008). "The burden of proving such a ground—such as fraud, unconscionability or

---

[2]     Defendant's Motion to Compel is also arguably procedural improper. At least one Circuit has recognized that cases filed as collective actions must proceed through the certification process before a party may enforce arbitration terms. *Harris v. Diamond Dolls of Nev., LLC*, No. 3:19-cv-00598-RCJ-CBC, 2023 U.S. Dist. LEXIS 219674, *12 (D. Nev. Dec. 11, 2023) ("[M]otions to compel arbitration cannot be raised in collective action cases until courts first allow plaintiffs to seek FLSA certification and FLSA plaintiffs then join the action . . . [o]nly then can courts 'entertain [] arbitration-related motions seeking to compel opt-in plaintiffs to arbitrate[.]'") (quoting *Campanelli v. Image First Healthcare Laundry Specialists, Inc.*, No. 15-cv-04456-PJH, 2018 U.S. Dist. LEXIS 215287, *24–25 (N.D. Cal. Dec. 21, 2018); *Campbell v. City of L.A.*, 903 F.3d 1090, 1110 (9th Cir. 2018)).

Page 6 of 11
Whitney Ezenwa, et al. v. Silver Rain, LLC, d/b/a Area 29 Houston
U.S.D.C. (S.D. Tex.) No. 4:24-cv-2650
Response to Motion to Compel Arbitration

voidness under public policy—falls on the party opposing the contract." *Id*. (citing *In re FirstMerit Bank,* 52 S.W.3d 749, 756 (Tex. 2001)).

Under Texas law, an arbitration agreement is unconscionable when "[a]rbitration costs are so excessive that they make the arbitral forum unavailable to a party seeking to vindicate his rights." *Lennar Homes of Tex. Inc. v. Rafiei*, 687 S.W.3d 726, 730 (Tex. 2024) (citing *In re Olshan Found. Repair Co.*, 328 S.W.3d 883, 893 (Tex. 2010)). "The theory behind unconscionability in contract law is that courts should not enforce a transaction so one-sided, with so gross a disparity in the values exchanged, that no rational contracting party would have entered the contract." *Hous. AN USA, LLC v. Shattenkirk*, 669 S.W.3d 392, 395 (Tex. 2023) (quoting *In re Olshan*, 328 S.W.3d at 892). "Generally, a contract is unconscionable if, 'given the parties' general commercial background and the commercial needs of the particular trade or case, the clause involved is so one-sided that it is unconscionable under the circumstances existing when the parties made the contract.'" *In re Olshan*, 328 S.W.3d at 892 (quoting *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 757 (Tex. 2001)).

To determine whether an agreement is unconscionable, courts first consider "a comparison of the total costs of the two forums" and determine "whether that cost differential is so substantial as to deter the bringing of the claims." *In re Olshan*, 328 S.W.3d at 893–94 (quoting *Bradford v. Rockwell Semiconductor Sys., Inc.*, 238 F.3d 549, 556 (4th Cir. 2001)). When the arbitration terms contain a delegation clause, "an unconscionability challenge presents one narrow question for a court to decide: whether the party opposing arbitration has proven that the cost of arbitrating this delegated threshold issue of unconscionability is excessive, standing alone, and prevents the party

Page 7 of 11
Whitney Ezenwa, et al. v. Silver Rain, LLC, d/b/a Area 29 Houston
U.S.D.C. (S.D. Tex.) No. 4:24-cv-2650
Response to Motion to Compel Arbitration

from enforcing its rights." *Rafiei*, 687 S.W.3d at 731. Accordingly, Plaintiff must show that Defendant's delegation provision itself is unconscionable by demonstrating that the cost to arbitrating arbitrability "presents an insurmountable obstacle to bringing this claim." *Id*.

*2. The License requires the parties to use AAA commercial rules.*

Because the American Arbitration Association (AAA) arbitrates a vast variety of claim types, it has created an internal structure in which it applies different rules to different claims. In an effort to facially bolster its illegal practice of treating the dancers it employs as independent contractors, Defendant requires all "licensees" to bring disputes in arbitration under the American Arbitration Association (AAA) commercial rules. *See* License, ECF No. 11-1. The AAA commercial rules are intended to apply to claims between businesses.[3] Due to the inherent complexity of these claims, the filing fee and associated costs are significantly higher that other arbitration schemes and the initial cost is borne exclusively by whoever files the claim.[4] Thus, because the License mandates the use of AAA commercial rules, Plaintiff will be required to out-of-pocket three times the expected expense in order to file her claim in arbitration while Defendant does not have to pay at all. This one-sided expense must be paid even to arbitrate the issue of arbitrability—under the commercial rules the initial filing fee is due regardless of the type of claim and other associated fees are added on based on the complexity of the case.

This disparity is particularly galling in this type of situation in which one party is offered a contract on a "take it or leave it" basis with no recourse for altering the

---

[3] *See* https://www.adr.org/commercial (last visited Sept. 12, 2024).
[4] *See* https://www.adr.org/sites/default/files/Commercial_Arbitration_Fee_Schedule_1.pdf (last visited Sept. 12, 2024) (providing that the lowest filing fee, which is for claims of less than $75,000, is $925 and that "The Initial Filing Fee is payable in full by a filing party when a claim, counterclaim, or additional claim is filed.").

Page 8 of 11
Whitney Ezenwa, et al. v. Silver Rain, LLC, d/b/a Area 29 Houston
U.S.D.C. (S.D. Tex.) No. 4:24-cv-2650
Response to Motion to Compel Arbitration

agreement or negotiating friendlier terms, and even more so when the sole party that sets those terms requires the party with obviously less power and fewer resources to bear the exorbitant cost. Defendant's requirement that the parties use the AAA's commercial rules puts the exorbitant financial burden of bringing any arbitration claim solely on Plaintiff and is therefore unconscionable.

> 3. The License is unenforceable because it unconscionably limits recovery available to Plaintiff under the FLSA.

Further exacerbating the situation described above, the License limits the recovery available to Plaintiff under the FLSA. Section 216(b) of the FLSA *mandates* that victorious plaintiffs recover costs and fees from the defendant. 29 U.S.C. § 216(b); *see also Steele v. Leasing Enters.*, 826 F.3d 237, 249 (5th Cir. 2016) ("Section 216(b) also requires the district court to order the defendant to pay the costs of the action."); *Hard-Mire Rest. Holdings, LLC v. JH Zidell PC (In re Hard-Mire Rest. Holdings, LLC)*, 619 B.R. 165, 175 (N.D. Tex. 2020) ("It is well-established in the Fifth Circuit that § 216(b) mandates reasonable attorneys' fees and costs when a court finds an employer has violated the FLSA."). This fee- and cost-shifting is not optional; it is a statutory right awarded to plaintiffs who succeed on their FLSA claims.

The License unconscionably limits Plaintiff's recovery available under the FLSA by dictating that "Each party shall bear its own costs in any arbitration." License, ECF No. 11-1. Thus, not only must Plaintiff front the initial exorbitant cost of arbitration, she cannot recover that cost from Defendant should she win. Defendant, as the sole author of the License, and without permitting any input or negotiation from Plaintiff, invoked a prohibitively expensive arbitration scheme and further drafted itself out of any liability for later covering that cost.

Page 9 of 11
Whitney Ezenwa, et al. v. Silver Rain, LLC, d/b/a Area 29 Houston
U.S.D.C. (S.D. Tex.) No. 4:24-cv-2650
Response to Motion to Compel Arbitration

In *Sec. Serv. Fed. Credit Union v. Sanders*, the Texas Court of Appeals held that an arbitration clause limiting the plaintiff's statutory right to recover fees and costs that are statutorily mandated were unconscionable and against public policy. 264 S.W.3d 292, 299 (Tex. App. 2008). Like the statutory scheme in *Sanders*, the fee- and cost-shifting provisions of the FLSA serve the crucial purpose of "insur[ing] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances." *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994) (quoting *United Slate, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir. 1984)); see also *Tovar v. Sw. Bell Tel., L.P.*, No. 3:20-CV-1455-B, 2022 U.S. Dist. LEXIS 112749, *14-15 (N.D. Tex. June 27, 2022) (noting that the fee-shifting provision was designed to incentivize competent counsel for wage claims because it "provides an incentive for attorneys to take up meritorious claims that would ordinarily result in relatively small awards."). The License's limitation of cost recovery for Plaintiff counters the express purpose of Section 216(b)'s cost-shifting provision and is accordingly unconscionable.

The cost-shifting prohibition is equally unconscionable as applied to the delegation clause. To require Plaintiff to front the cost of arbitrating arbitrability without any hope of recovering those costs later is as counter to the purposes of the FLSA as is making costs recovering unavailable in arbitrating the entirety of her claims.

### IV.   CONCLUSION

By invoking the Court's authority to resolve this lawsuit on the merits, Defendant has waived its right to enforce arbitration of the claims. In the alternative, the License Defendant seeks to enforce is so wholly one-sided in Defendant's favor that it is

Page 10 of 11
Whitney Ezenwa, et al. v. Silver Rain, LLC, d/b/a Area 29 Houston
U.S.D.C. (S.D. Tex.) No. 4:24-cv-2650
Response to Motion to Compel Arbitration

unenforceable under Texas law and Plaintiff cannot be compelled to arbitration. Therefore, Defendant's Motion to Compel must be denied in its entirety.

                                                Respectfully submitted,

**WHITNEY EZENWA, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

## CERTIFICATE OF SERVICE

    I certify that on this the date imprinted by the CM/ECF system, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification to the following attorney(s) of record:

    Albert T. Van Huff, Esq.
    Isabelle D. Varlan, Esq.
    Marissa Eymard, Esq.
    MONSHAUGEN & VAN HUFF, P.C.
    1225 North Loop West, Suite 640
    Houston, Texas 77008
    al@vanhuff.com
    ivarlan@vanhuff.com
    meymard@vanhuff.com

                                                */s/ Sean Short*
                                                **Sean Short**

Page 11 of 11
Whitney Ezenwa, et al. v. Silver Rain, LLC, d/b/a Area 29 Houston
U.S.D.C. (S.D. Tex.) No. 4:24-cv-2650
Response to Motion to Compel Arbitration