IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**WHITNEY EZENWA, Individually and on**                  **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                                           No. 4:24-cv-2650

**SILVER RAIN, LLC, d/b/a**                                **DEFENDANTS**
**AREA 29 HOUSTON**

### JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE

1.  **State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.**

    The parties met and conferred by electronic communication on September 18, 2024. Sean Short, attorney for Plaintiff, and Albert T. Van Huff, attorney for Defendant, appeared.

2.  **List the cases related to this one that are pending in any state or federal court with the case number and court.**

    None.

3.  **Briefly describe what this case is about.**

    Plaintiff's statement:
        Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendant's policy and practice of failing to pay Plaintiff and all others similarly situated minimum wages for all hours worked and overtime compensation for all hours worked in excess of forty per week.
        Plaintiff works for Defendant as a Dancer at Defendant's night club. Defendant classifies Plaintiff and other Dancers as independent contractors and thus exempt from the minimum wage and overtime requirements of the FLSA and does not pay them at all. Plaintiff and other Dancers' sole source of income is in the form of tips from customers. In addition, Defendant requires Plaintiff and other Dancers to share their tips with Defendant, managers and other employees who do not "customarily and regularly receive tips" within the meaning of 29 U.S.C. § 203(m).

Defendant knew or should have known that Plaintiff and other Dancers were not properly classified as independent contractors; however, Defendant did not pay Plaintiff or other Dancers minimum wages or an overtime premium for hours worked over forty per week.

Defendant's statement:

In accordance with an executed written contract, the named Plaintiff is a licensee or an independent contractor, and not an employee. The written contract also contains a mandatory arbitration clause and an agreement that Plaintiff would not be involved in a collective action proceeding against the club. The written contract also contains a jury waiver. The written contract provides that if the Plaintiff is misclassified, then the Defendant is entitled to an offset for all money earned by Plaintiff while performing at Defendant's club. Defendant denies that there were any willful violations of the FLSA, therefore only a two year statute of limitations applies to this case.

4. Specify the allegation of federal jurisdiction.

The United States District Court for the Southern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Name the parties who disagree and the reasons.

Defendant denies that the Court has jurisdiction over this case due to the mandatory arbitration clause and collective action waiver contained in the written contract referenced above.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

Plaintiff brings collective allegations and intends to move for certification of a collective for all Dancers within the past three years.

Defendant denies that collective action certification is appropriate and that any consents to join this case should be dismissed based on the collective action waiver signed by the named Plaintiff and other dancers.

7. List anticipated interventions.

The parties are not aware of any anticipated interventions at this time.

8. Describe class−action issues.

Plaintiff brings this claim for relief for violation of the FLSA as a collective

action pursuant to Section 16(b) of the FSLA, 29 U.S.C.§ 216(b), on behalf of all persons similarly situated as Dancers who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages: Minimum wages for all hours worked, overtime premiums for all hours worked over forty hours in any week; liquidated damages, and attorney's fees and costs.

Plaintiff proposes the following class under the FLSA: All Dancers within the past three years.

The members of the proposed FLSA class are similarly situated in that they share these traits: They were paid based solely on tips from customers; They were not paid minimum wages or all hours worked or an overtime premium for hours worked in excess of forty per week; They were required to share their tips with Defendant; and they had the same or similar job duties.

Defendant denies these allegations and asserts the collective actions waiver signed by the named Plaintiff and other dancers.

9. <u>State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.</u>

Initial disclosures have not yet been exchanged. The parties have agreed that they will make their initial disclosures on or before October 17, 2024.

10. <u>Describe the proposed agreed discovery plan, including:</u>

   A. <u>Responses to all the matters raised in Rule 26(f).</u>

   1. <u>Any changes in timing, form, or requirements of initial disclosures under Fed. R. Civ. P. 26(a).</u>

   The parties agree to produce and deliver paper or electronic copies of any documents identified in their Initial Disclosures without a formal discovery request, though the parties recognize that they may be unable to produce all such documents on the day Initial Disclosures are due. The parties agree that any documents identified but not produced on the day Initial Disclosures are due are subject to the parties' obligation to supplement their discovery disclosures under the Federal Rules of Civil Procedure.

   2. <u>Subjects on which discovery may be needed.</u>

- All of the elements of Plaintiff's claims and Defendant's defenses to those claims;
- Issues related to collective action certification;
- Issues related to willfulness / intent; and
- Damages.

3. <u>Whether any party will likely be requested to disclose or produce information from electronic or computer-based media. If so:</u>

(a) <u>whether disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business;</u>

The parties anticipate that disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business.

(b) <u>the anticipated scope, cost and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business;</u>

Unknown at this time.

(c) <u>the format and media agreed to by the parties for the production of such data as well as agreed procedures for such production;</u>

The parties will produce data in electronic format. If the data is ordinarily maintained in paper format, the parties agree to produce the data in electronic format in consecutively paginated bates numbers. The parties agree to produce ESI in electronic format such as PDF, except for spreadsheets, which should be produced in native format such as XLS.

(d) <u>whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise;</u>

The parties have been made aware of the need to maintain the relevant records taken in the ordinary course of business.

(e) <u>other problems which the parties anticipate may arise in connection with electronic or computer-based discovery.</u>

None known at this time.

4. <u>Date by which discovery should be completed.</u>

November 3, 2025.

5. <u>Any needed changes in limitations imposed by the Federal Rules of Civil Procedure.</u>

The parties consent to the electronic service of all documents that require service on an opposing party, including but not limited to Initial Disclosures, Interrogatories, Requests for Production of Documents, Requests for Admissions, and Notices of Deposition, as well as Responses to Interrogatories, Requests for Production of Documents, and Requests for Admission, at the primary e-mail address at which each attorney of record receives ECF filings in this case. The parties agree that discovery may be signed by e-signature rather than by hand. The parties agree to produce and deliver paper or electronic copies of any documents which would ordinarily be produced subject to Federal Rules of Civil Procedure 26 or 34.

6. <u>Any Orders, e.g. protective orders, which should be entered.</u>

None at this time.

7. <u>Any objections to initial disclosures on the ground that mandatory disclosures are not appropriate in the circumstances of the action.</u>

None at this time.

8. <u>Any objections to the proposed trial date.</u>

None at this time.

9. <u>Proposed deadline for joining other parties and amending the pleadings.</u>

Add new parties: March 3, 2025.
Amend pleadings: March 3, 2025.

10. <u>Proposed deadline for filing motions other than motions for class certification.</u>

December 3, 2025, except for motions in limine, which should be filed no later than 14 days prior to trial.

11. <u>Class certification: In the case of a class action complaint, the proposed deadline for the parties to file a motion for class certification.</u>
    March 3, 2025.

B. <u>When and to whom the plaintiff anticipates it may send interrogatories.</u>

    Plaintiff anticipates sending interrogatories to Defendant no less than 30 days before the close of the discovery period. The Rule 33 limit of 25 interrogatories per party should apply. Plaintiff reserves the right to object to discovery in excess of that which is allowed pursuant to the Federal Rules of Civil Procedure.

C. <u>When and to whom the defendant anticipates it may send interrogatories.</u>

    Plaintiff anticipates sending interrogatories to Defendant no less than 30 days before the close of the discovery period. The Rule 33 limit of 25 interrogatories per party should apply. Plaintiff reserves the right to object to discovery in excess of that which is allowed pursuant to the Federal Rules of Civil Procedure.

D. <u>Of Whom and by when the plaintiff anticipates taking oral depositions.</u>

    Plaintiff anticipates taking one or two FRCP 30(b)(6) depositions. Plaintiff reserves the right to object to depositions in excess of those allowed by the Federal Rules of Civil Procedure.

E. <u>Of Whom and by when the defendant anticipates taking oral depositions.</u>

    Defendant anticipates taking the depositions of the named Plaintiff, any other individuals who seek to join this case, and fact witnesses as necessary.

F. <u>When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.</u>

    No expert witnesses have been identified at this time.

G. <u>List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).</u>

    No expert witnesses have been identified at this time. However, to the extent experts are required, Plaintiffs will be able to timely designate experts and provide reports within 30 days of designation.

H. <u>List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule26(a)(2)(B) (export report).</u>

    No expert witnesses have been identified at this time. However, to the extent experts are required, Defendant will be able to timely designate experts and provide reports within 30 days of designation.

11. <u>If the parties are not agreed on a part of the discovery plan, describe the separate view and proposals of each party.</u>

    The parties are in agreement regarding the discovery plan.

12. <u>Specify the discovery beyond initial disclosures that has been undertaken to date.</u>

    No discovery beyond initial disclosures has been served or accomplished to date.

13. <u>State the date the planned discovery can reasonably be completed.</u>

    The parties believe that November 3, 2025, is the date by which all discovery can be reasonably completed.

14. <u>Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.</u>

    Counsel for the parties agreed that they will continue to communicate regarding the possibility of settlement as appropriate.

15. <u>Describe what each party has done or agreed to do to bring about a prompt resolution.</u>

    Counsel for the parties agree that they will communicate regarding the possibility of settlement and/or alternative dispute resolution as appropriate.

16. <u>From the attorneys' discussion with the client, state the alternative dispute resolution techniques that may be reasonably suitable.</u>

    Following completion of discovery, mediation may be a reasonably suitable alternative dispute resolution technique depending upon the position of the parties at that time.

17. <u>Magistrate judges may now hear jury and non−jury trials. Indicate the parties' joint position on a trial before a magistrate judge.</u>

    There is no current agreement to try the case before a magistrate judge.

18. <u>State whether a jury demand has been made and if it was made on time.</u>

    No jury demand has been made.

19. <u>Specify the number of hours it will take to present the evidence in this case.</u>

    6-12 hours if this case remains a single Plaintiff. If this matter is certified as a

collective action, the number of hours will depend on the end number of class members.

20. <u>List pending motions that could be ruled on at the initial pretrial and scheduling conference.</u>

   None.

21. <u>List other motions pending.</u>

   Plaintiff has a motion to dismiss a counter-claim pending. Defendant has a motion to refer this case to arbitration pending.

22. <u>Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.</u>

   None anticipated.

23. <u>List the names, bar numbers, addresses, and telephone numbers of all counsel.</u>

**Plaintiff's Counsel**

Sean Short
Ark. Bar No. 2015079
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040
sean@sanfordlawfirm.com

**Defendant's Counsel**

Albert T. Van Huff
S.D. Texas No. 26968
Texas Bar No. 24028183
Isabelle D. Varlan
S.D. Texas No. 3686227
Texas Bar No. 24107235
Marissa Eymard
S.D. Texas No. 3878514
Texas Bar No. 24137360
1225 North Loop West, Suite 640
Houston, Texas 77008
Tel. (713) 880-2992
Fax (713) 880-5297
al@vanhuff.com
ivarlan@vanhuff.com
meymard@vanhuff.com

| | |
|---|---|
| _/s/ Sean Short_ | _/s/ Albert T. Van Huff_ |
| Counsel for Plaintiff(s) | Counsel for Defendants(s) |

| | |
|---|---|
| September 18, 2024 | September 18, 2024 |
| Date | Date |