IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WHITNEY EZENWA Individually and on Behalf of All Others Similarly Situated<br><br>    Plaintiff<br><br>V.<br><br>SILVER RAIN, LLC d/b/a AREA 29 HOUSTON<br><br>    Defendant. | §§§§§§§§§§§§§§<br><br>CIVIL ACTION NO. 4:24-CV-2650 |

**DEFENDANT SILVER RAIN, LLC D/B/A AREA 29'S
MOTION TO STRIKE COLLECTIVE ACTION CONSENTS**

Defendant Silver Rain, LLC d/b/a Area 29 ("Defendant") asks the Court to strike the collective action consents of Fatinah McIntosh, Aforo Okraku, Blessing Ayinbode, and Anessa Terry.

## A. Introduction

Plaintiff Whitney Ezenwa ("Ezenwa") is a licensee dancer at Defendant's gentlemen's club. Defendant Silver Rain, LLC d/b/a Area 29 is the operator of the gentlemen's club where Ezenwa performs as a dancer.

Plaintiff sued Defendant alleging violations of the minimum wage and overtime provisions of the Fair Labor Standards Act (the "FLSA") and is seeking to proceed as a collective action.

The initial pretrial and scheduling conference is set for October 3, 2024 before Magistrate Judge Richard W. Bennett.

Defendant asks the Court to strike the four (4) collective action consents that were

filed on September 12, 2024 by Fatinah McIntosh, Aforo Okraku, Blessing Ayinbode, and Anessa Terry because the named Plaintiff herein (Ezenwa) signed a valid contact with Defendant waiving her right to participate in a collective action.

### B. Factual Background

Defendant is an adult entertainment club located in Houston, Texas.

Plaintiff is an exotic dancer who performs at the club in accordance with a License Terms and Conditions contract (the "Contract"), that was signed by Plaintiff on July 27, 2022. *See* License Terms and Conditions contract, attached as Exhibit A.

The arbitration clause (which includes a collective action waiver), contained in the Contract states:

> "15. Arbitration.
>
> The parties agree that any controversy, dispute, or claim arising out of this Agreement or otherwise out of Entertainer performing at the Premises shall be exclusively decided by binding arbitration pursuant to the Federal Arbitration Act (the "FAA"), and any disputes under this Agreement will be governed and settled by an impartial independent appointed by the American Arbitration Association ("AAA"), in Harris County, Texas, and the determination of the arbitrator shall be final and binding (except to the extent there exists grounds for vacation fo an award under applicable arbitration statutes). The parties agree that the AAA Optional Rules for Emergency Measures of Protection shall apply to any proceedings commenced under this Section.
>
> The arbitrator will have no authority to make any ruling, finding or award that does not conform to the terms and conditions of this Agreement. Each party shall bear its own costs in any arbitration. The arbitration provision contained herein shall be self-executing and shall remain in full force after expiration or termination of this Agreement. In the event any party fails to appear at any properly noticed arbitration proceeding, an award may be entered against such party by default or otherwise, notwithstanding such failure to appear. The place of arbitration shall be the State of Texas, Country of Harris. The arbitrator shall give effect insofar as possible to the desire of the parties hereto that the dispute or controversy be resolved in

accordance with good commercial arbitration rules of the American Arbitration Association and Title 9 of the U.S. Code, except to the extent that such rules conflict with the provisions of this Section 15 in which event the provisions of this Section 15 shall control.

THE PARTIES WAIVE ANY RIGHT TO LITIGATE SUCH CONTROVERSIES, DISPUTES, OR CLAIMS IN A COURT OF LAW, AND WAIVE THE RIGHT TO TRIAL BY JURY. ALL PARTIES SHALL HAVE THE RIGHT TO BE REPRESENTED BY LEGAL COUNSEL AT ARBITRATION. THE ARBITRATOR SHALL PERMIT REASONABLE DISCOVERY. THE PARTIES SHALL HAVE THE RIGHT TO SUBPOENA WITNESSES IN ORDER TO COMPEL THEIR ATTENDANCE AT HEARINGS AND TO CROSS-EXAMINE WITNESSES, AND THE ARBITRATOR'S DECISION SHALL BE IN WRITING AND SHALL CONTAIN FINDINGS OF FACT AND CONCLUSIONS OF LAW. THE ARBITRATORS DECISION SHALL BE FINAL, SUBJECT ONLY TO REVIEW PURSUANT TO THE FAA. FOR ANY CLAIMS OF THE LICENSEE BASED UPON ANY FEDERAL, STATE, OR LOCAL STATUTORY PROTECTIONS, THE VENUE SHALL PAY ALL FEES CHARGED BY THE ARBITRATOR. THE ARBITRATOR SHALL HAVE EXCLUSIVE AUTHORITY TO RESOLVE ANY AND ALL DISPUTES OVER THE VALIDITY OF ANY PART OF THIS LICENSE, AND ANY WARD BY THE ARBITRATOR MAY BE ENTERED AS A JUDGMENT IN ANY COURT HAVING JURISDICTION. **LICENSEE UNDERSTANDS AND ACKNOWLEDGES THAT BY SIGNING THIS AGREEMENT SHE SPECIFICALLY WAIVES ANY RIGHT TO PARTICIPATE IN ANY CLASS ACTION OR COLLECTIVE ACTION IN ANY FORUM** AND IT AT ANY TIME LICENSEE IS DEEMED A MEMBER OF ANY CLASS CREATED BY ANY COURT IN ANY PROCEEDING, SHE WILL "OPT OUT" OF SUCH CLASS AT THE FIRST OPPORTUNITY AND SHOULD ANY THIRD PARTY PURSUE ANY CLAIMS ON HER BEHALF, LICENSEE SHALL WAIVE HER RIGHTS TO ANY SUCH MONETARY RECOVERY. ALL CLAIMS AND DISPUTES BETWEEN THE LICENSEE AND THE VENUE (AND ANY OTHER PERSONS OR ENTITIES ASSOCIATED WITH THE VENUE) SHALL BE ARBITRATED INDIVIDUALLY."

See *Id.* at p.4, sec. 15 (**emphasis added**).

### C. Arguments and Authorities

On May 21, 2018, the U.S. Supreme Court held that employees can waive their right

to participate in a collective action under the Fair Labor Standards Act (FLSA). *See Epic Systems Corp. v. Lewis*, 138 S.Ct. 1612 (2018). The named Plaintiff in this case has signed a contract with Defendant that contains a collective action waiver, which states in part "LICENSEE UNDERSTANDS AND ACKNOWLEDGES THAT BY SIGNING THIS AGREEMENT SHE SPECIFICALLY WAIVES ANY RIGHT TO PARTICIPATE IN ANY CLASS ACTION OR COLLECTIVE ACTION IN ANY FORUM...". *See* License Terms and Conditions contract, attached as Exhibit A, at p. 4, sec. 15.

The collective action waiver that was signed by the named Plaintiff herein prevents this case from moving forward as a collective action as a matter of law under the Supreme Court precedent set forth in *Epic Systems*. Because this case may not proceed as a collective action, the four (4) collective action consents that were filed on September 12, 2024 by Fatinah McIntosh, Aforo Okraku, Blessing Ayinbode, and Anessa Terry should be dismissed and struck from the record of this case.

## D. Prayer

For these reasons, Defendant Silver Rain, LLC d/b/a Area 29 asks the Court to grant this motion to strike and for all other relief to which it may be entitled.

Respectfully submitted,

MONSHAUGEN & VAN HUFF, P.C.

/s/ Albert T. Van Huff
ALBERT T. VAN HUFF
S.D. Texas No. 26968
Texas Bar No. 24028183
ISABELLE D. VARLAN
S.D. Texas No. 3686227
Texas Bar No. 24107235
MARISSA EYMARD
S.D. Texas No. 3878514
Texas Bar No. 24137360
1225 North Loop West, Suite 640
Houston, Texas  77008
Tel. (713) 880-2992
Fax (713) 880-5297
al@vanhuff.com
ivarlan@vanhuff.com
meymard@vanhuff.com

ATTORNEYS FOR DEFENDANT
SILVER RAIN, LLC D/B/A AREA 29

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document has been filed with the Court on this the 25th day of September, using the ECF system, and the Clerk of the Court has electronically served notice upon all parties registered to receive electronic notice of this case as follows:

Mr. Sean Short
SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
(501) 221-0088
email: sean@sanfordlawfirm.com

Attorney for Plaintiff

/s/ Albert T. Van Huff
Albert T. Van Huff
