IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**WHITNEY EZENWA, Individually and on**            **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                          No. 4:24-cv-2650

**SILVER RAIN, LLC, d/b/a AREA 29 HOUSTON**            **DEFENDANT**

## RESPONSE TO MOTION TO STRIKE COLLECTIVE ACTION CONSENTS

Defendant Silver Rain's Motion to Strike Collective Action Consents ("Motion to Strike"), ECF No. 18, is so rife with procedural and legal errors that it almost amounts to a sanctionable, frivolous filing, and it must be denied.

Defendant does not provide a legal basis for its Motion to Strike, but it is presumably raised pursuant to Rule 12(f). This Rule permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)).

"Motions to strike are disfavored and disserve the interest of judicial economy." *U.S. Risk Ins. Grp., Inc. v. United States Risk, Mgmt., L.L.C.*, No. 3:11-cv-2843-M, 2013 U.S. Dist. LEXIS 191510, at *3 (N.D. Tex. Mar. 6, 2013) (citing *Murray v. TXU Corp.*, No. 3:03-cv-888-P, 2005 U.S. Dist. LEXIS 10298 (N.D. Tex. May 27, 2005); *United Steel,*

Page 1 of 5
Whitney Ezenwa, et al. v. Silver Rain, LLC, d/b/a Area 29 Houston
U.S.D.C. (S.D. Tex.) No. 4:24-cv-2650
Response to Motion to Strike

*Paper and Forestry v. Graphic Packaging Int'l, Inc.*, No. 06-c-1188, 2007 U.S. Dist. LEXIS 56970 (E.D. Wis. Aug. 4, 2007)). "This is because it is a drastic remedy and is often sought as a dilatory tactic." *Logan v. Marker Grp., Inc.*, Civil Action No. 4:22-CV-00174, 2024 U.S. Dist. LEXIS 126653, at *8 (S.D. Tex. July 18, 2024) (citing *SEC v. Faulkner*, No. 3:16-CV-01735, 2019 U.S. Dist. LEXIS 101161 (N.D. Tex. June 18, 2019)). "Rule 12(f) motions should only be granted 'when the pleading to be stricken has no possible relation to the controversy.'" *Id*. (quoting *Faulkner*, 2019 U.S. Dist. LEXIS 101161, at *4).

Further, "Rule 7(a)…limits the universe of allowed 'pleadings.'" *Id*. (quoting *Faulkner*, 2019 U.S. Dist. LEXIS 101161, at *4)) (internal quotation marks omitted). Rule 7 defines a "pleading" as the following: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer."

Defendant's Motion to Strike is not aimed at a pleading, but rather at a notice to the Court regarding Plaintiffs' participation in this case. A Consent to Join a collective action is not a pleading and therefore cannot be stricken pursuant to Rule 12(f). *See Faulkner*, 2019 U.S. Dist. LEXIS 101161, at *4 (denying a motion to strike because the matters sought to be stricken were not "from a pleading within the meaning of Rule 12(f)); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. Graphic Packaging Int'l, Inc.*, No. 06-C-1188, 2007 U.S. Dist. LEXIS 56970, at *8-9 (E.D. Wis. Aug. 3, 2007) ("a motion to strike under Rule 12(f) is addressed to the pleadings, as opposed to affidavits and proposed findings of fact").

Page 2 of 5
Whitney Ezenwa, et al. v. Silver Rain, LLC, d/b/a Area 29 Houston
U.S.D.C. (S.D. Tex.) No. 4:24-cv-2650
Response to Motion to Strike

Further, Defendant fails to explain in its cursory brief how Plaintiffs' Consents to Join are "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," or how exactly the Consents "ha[ve] no possible relation to the controversy." Fed. R. Civ. P. 12(f); *Logan*, 2024 U.S. Dist. LEXIS 126653, at *8. In fact, the Consents, as indicators of Plaintiffs' collective action claims, are highly related to the controversy, and they are not redundant or impertinent, nor do they contain scandalous matter. They are legally operative Court notices that suspend the statute of limitations for each opt-in. Defendants have provided no legal basis for striking Plaintiffs' Consents.

Defendant's Motion to Strike is a perfect example of why motions to strike are categorically disfavored. In bemoaning the practice of moving to strike, the Eastern District of Wisconsin stated, "Instead of narrowing the issues and allowing for a more expeditious resolution of the motion for summary judgment, motions to strike generate another round of briefs that the court is required to read before it can reach the merits of the underlying dispute." *Graphic Packaging Int'l, Inc.*, 2007 U.S. Dist. LEXIS 56970, at *8-9. This inefficiency is particularly galling when, as here, the actual issue under review (the validity of the arbitration agreements) is already under Court review. "In this way, [motions to strike] also allow parties to circumvent the page limitations of briefs by providing them an opportunity to present what should be part of the argument for or against granting the pending motion in an entirely separate round of briefing." *Id*. Defendant's Motion to Strike is baseless and simply reiterates issues already pending before the Court; the Motion is needlessly litigious and accordingly, the only purpose served is in driving up associated costs and fees. The Motion to Strike should be denied on that basis alone.

Page 3 of 5
**Whitney Ezenwa, et al. v. Silver Rain, LLC, d/b/a Area 29 Houston**
**U.S.D.C. (S.D. Tex.) No. 4:24-cv-2650**
**Response to Motion to Strike**

Moreover, Defendant's Motion to Strike is procedurally improper in that it failed to follow this Court's procedures prior to filing. Local Rule 7.1(C) requires any opposed motion to "Be accompanied by a separate proposed order granting the relief requested and setting forth information sufficient to communicate the nature of the relief granted." Defendant's Motion to Strike is not accompanied by a proposed order.

Because Defendant has not provided a legitimate legal basis for its Motion to Strike, and because Defendant failed to follow this Court's procedures in filing its Motion to Strike, the Motion must be denied.

        Respectfully submitted,

        **WHITNEY EZENWA, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

        SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

        Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Page 4 of 5
Whitney Ezenwa, et al. v. Silver Rain, LLC, d/b/a Area 29 Houston
U.S.D.C. (S.D. Tex.) No. 4:24-cv-2650
Response to Motion to Strike

## **CERTIFICATE OF SERVICE**

 I certify that on this the date imprinted by the CM/ECF system, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification to the following attorney(s) of record:

 Albert T. Van Huff, Esq.
 Isabelle D. Varlan, Esq.
 Marissa Eymard, Esq.
 MONSHAUGEN & VAN HUFF, P.C.
 1225 North Loop West, Suite 640
 Houston, Texas 77008
 al@vanhuff.com
 ivarlan@vanhuff.com
 meymard@vanhuff.com

               */s/ Sean Short*
               **Sean Short**

Page 5 of 5
Whitney Ezenwa, et al. v. Silver Rain, LLC, d/b/a Area 29 Houston
U.S.D.C. (S.D. Tex.) No. 4:24-cv-2650
Response to Motion to Strike