United States District Court
Southern District of Texas
**ENTERED**
March 18, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WHITNEY EZENWA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:24-CV-02650 |
| | § | |
| SILVER RAIN, LLC, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court are Defendant Silver Rain, LLC's ("Defendant") Motion to Compel Arbitration (Doc. #11) and Plaintiff Whitney Ezenwa's ("Plaintiff") Response (Doc. #15). Having considered the parties' arguments and the applicable legal authority, the court grants the Motion to Compel Arbitration.

## I.    Background

This is a Fair Labor Standards Act ("FLSA") overtime lawsuit arising out of Plaintiff's employment as a dancer at Area 29, an adult entertainment club owned by Defendant. Doc. #1 ¶¶ 11–13. As part of her employment with Defendant, Plaintiff signed an agreement titled "License Terms and Conditions" (the "Contract") on July 25, 2022. Doc. #11, Ex. 1 at 5–6. The Contract includes an arbitration provision (the "Arbitration Agreement"), which states:

> The parties agree that any controversy, dispute, or claim arising out of [the Contract] or otherwise out of [Plaintiff] performing at the Premises shall be exclusively decided by binding arbitration pursuant to the Federal Arbitration Act (the "FAA"), and any disputes under [the Contract] will be governed and settled by an impartial independent appointed by the American Arbitration Association ("AAA"), in Harris County, Texas, and the determination of the arbitrator shall be final and binding.

*Id.* at 4.  The Arbitration Agreement also states that "[e]ach party shall bear its own costs in any arbitration," and that the "arbitrator shall give effect insofar as possible to the desire of the parties hereto that the dispute or controversy be resolved in accordance with good commercial arbitration rules of the [AAA]."  *Id.*  In addition, the parties stipulated that they "waive any right to litigate such controversies, disputes, or claims in a court of law and waive the right to trial by jury."  *Id.*

The Arbitration Agreement also included a provision regarding class actions, providing that Plaintiff "understands and acknowledges that by signing [the Contract] she specifically waives any right to participate in any class action or collective action in any forum."  *Id.*  By signing the Contract, Plaintiff acknowledged that she had "read and reviewed" the Contract "in its entirety," was given an "opportunity to ask" Defendant questions, and had an "opportunity to consult with an attorney of her choice prior to entering into [the Contract]."  *Id.* at 5.  The Contract also stipulated that it "constitutes the entire understanding of the parties."  *Id.* at 4.

Plaintiff filed her Collective Class Action Complaint (the "Complaint") against Defendant on July 16, 2024, asserting FLSA claims on behalf of herself and all others similarly situated.  Doc. #1.  On August 12, 2024, Defendant filed an Answer and Counterclaim for Declaratory Judgment (the "Counterclaim").  Doc. #9.  In the Counterclaim, Defendant seeks a declaration that Plaintiff is a licensee and not an employee under the FLSA, and therefore that she lacks standing to assert her claims in this case.  *Id.* ¶ 88.  In the alternative, Defendant seeks a declaration that Plaintiff is an independent contractor, and not an employee.  *Id.* ¶ 89.  On September 3, 2024, Defendant filed the Motion to Compel Arbitration.  Doc. #11.

## II.    Legal Standard

In adjudicating a motion to compel arbitration, courts conduct a two-step inquiry: 1) "whether the parties agreed to arbitrate the dispute in question" and 2) "whether legal constraints

external to the parties' agreement foreclosed the arbitration of those claims." *Webb v. Investacorp, Inc.*, 89 F.3d 252, 257–58 (5th Cir. 1996). The former "involves two considerations: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Id.* at 258. "Where the issue is whether the parties have a valid and enforceable agreement to arbitrate, courts apply the contract law of the state governing the agreement." *Banks v. Mitsubishi Motors Credit of Am., Inc.*, 435 F.3d 538, 540 (5th Cir. 2005). Under Texas law, a valid contract requires "(1) an offer, (2) an acceptance in strict compliance with the terms of the offer, (3) a meeting of the minds, (4) each party's consent to the terms, and (5) execution and delivery of the contract with the intent that it be mutual and binding." *Parker Drilling Co. v. Romfor Supply Co.*, 316 S.W.3d 68, 72 (Tex. App.—Houston [14th Dist.] 2010, pet. denied). "[A] party manifests its assent by signing an agreement." *Rachal v. Reitz*, 403 S.W.3d 840, 845 (Tex. 2013).

### III.   Analysis

Defendant moves to compel arbitration pursuant to the Contract signed by Plaintiff on July 25, 2022. Doc. #11. In her Response, Plaintiff does not dispute that she signed the Contract, which contained the Arbitration Agreement, or that her claims fall within Arbitration Agreement's scope. Doc. #15. Rather, Plaintiff argues that (1) Defendant waived its right to arbitrate by filing the Counterclaim, and (2) the Arbitration Agreement is unconscionable and unenforceable. *Id.* The Court addresses each of Plaintiff's arguments in turn.

#### a.   Waiver

First, Plaintiff argues that Defendant waived its right to arbitration because it invoked the judicial process by filing the Counterclaim. *Id.* at 4–6. "Although waiver of arbitration is a disfavored finding, the right to arbitrate—like all contract rights—is subject to waiver." *Forby v.*

3

*One Techs., L.P.*, 909 F.3d 780, 783 (5th Cir. 2018) (internal quotations omitted). "A party waives its right to arbitrate if it (1) 'substantially invokes the judicial process' and (2) thereby causes 'detriment or prejudice' to the other party." *Id.* (quoting *Miller Brewing Co. v. Fort Worth Distrib. Co.*, 781 F.2d 494, 497 (5th Cir. 1986)). Invoking the judicial process requires "at the very least, engag[ing] in some overt act in court that evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration." *In Re Mirant*, 613 F.3d 584, 589 (5th Cir. 2010). "However, 'merely taking part in litigation,' absent a detriment to the other party, does not amount to waiver." *IQ Prods. Co. v. WD-40 Co.*, No. CV H-12-1652, 2012 WL 12937487, at *7 (S.D. Tex. Dec. 19, 2012) (quoting *In re Bruce Terminix Co.*, 988 S.W.2d 702, 704 (Tex. 1998)), *report and recommendation adopted*, 2013 WL 12188584 (S.D. Tex. Jan. 10, 2013), *aff'd*, 871 F.3d 344 (5th Cir. 2017).

Here, Defendant sought arbitration less than two months after this case was filed, and its only prior actions were filing a Certificate of Interested Parties, the Answer, and the Counterclaim. Doc. Nos. 8, 9. Though Plaintiff argues that filing the Counterclaim constitutes waiver, simply asserting a counterclaim does not indicate a litigant has substantially invoked the judicial process. *See IQ Prods. Co.*, 2012 WL 12937487, at *7 (finding that the defendant did not waive its right to arbitrate where it had asserted counterclaims, amended its counterclaims, and filed motions to dismiss). Notably, "there is no indication in the docket activity of substantial discovery, post-discovery dispositive motions, delays caused by Defendant, or any indication of the relinquishment of its asserted right to arbitration." *See id.* at *8. Moreover, it appears that all of Defendant's "requests of the court have been routine and sought in order to protect its rights, not as a concession to have this court decide the merits of the parties' disputes." *Id.* Indeed, the Counterclaim itself appears to seek declaratory relief that simply goes to the defenses asserted in response to the claims

brought by Plaintiff. *See* Doc. #9 ¶¶ 88–89. Thus, Defendant has not substantially invoked the judicial process. The Court also notes that Plaintiff has not argued, much less demonstrated, that it has suffered any prejudice. Therefore, the Court finds Defendant has not waived its right to arbitrate.

### b.    Unconscionability

Next, Plaintiff argues that the Arbitration Agreement is unconscionable and unenforceable because it (1) specifies that any arbitration will be governed by the AAA commercial rules and (2) limits Plaintiff's ability to recover under the FLSA. Doc. #15 at 6–10. Plaintiff, as the "party seeking to invalidate the arbitration agreement," has the burden of proving unconscionability. *Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 301 (5th Cir. 2004).

### 1.    AAA Commercial Rules

Plaintiff argues that, because the Arbitration Agreement designates that the AAA commercial rules would apply to the dispute, the agreement is unconscionable because arbitrating the dispute would be substantially more expensive. Doc. #15 at 8–9. It is true that "excessive costs imposed by an arbitration agreement render a contract unconscionable if the costs prevent a litigant from effectively vindicating his or her rights in the arbitral forum." *In re Olshan Found. Repair Co., LLC*, 328 S.W.3d 883, 893 (Tex. 2010). However, "[i]t is not sufficient for the party [opposing arbitration on unconscionability grounds] to show that it is at risk of incurring excessive fees and costs." *Coronado v. D.N. W. Houston, Inc.*, No. CIV.A. H-13-2179, 2015 WL 5781375, at *9 n.3 (S.D. Tex. Sept. 30, 2015) (quoting *Venture Cotton Coop. v. Freeman*, 494 S.W.3d 186, 192 (Tex. App.—Eastland 2015, no pet.)). Rather, "[t]he complaining party must present some evidence that [she] will likely incur arbitration costs in such an amount as to deter enforcement of statutory rights in the arbitral forum." *Id.* (quoting *Freeman*, 494 S.W.3d at 192). Simply citing

to "AAA schedules" is not enough to meet the complaining party's burden to show an agreement to arbitrate is unconscionable. *Id.*; *see also Am. Heritage Life Ins. Co. v. Orr*, 294 F.3d 702, 711 (5th Cir. 2002) (finding the defendants' argument that they would "not be able to afford the fees associated with arbitration under the fee schedule and rules of the AAA" insufficient to find the arbitration agreement unconscionable).

Here, Plaintiff argues that the Arbitration Agreement is unconscionable because she "will be required to out-of-pocket three times the expected expense in order to file her claim in arbitration." Doc. #15 at 8. Plaintiff cites the AAA fee schedule to support her argument, but she fails to produce any substantive evidence that arbitrating this dispute would result in excessive fees and costs. *Id.* The Court also notes that the "rules of the AAA provide [Plaintiff] sufficient avenues to request fee-paying relief, if necessary." *Am. Heritage Life Ins. Co.*, 294 F.3d at 712 (citing R–51, Commercial Arbitration Rules). "Because [Plaintiff] in this case ha[s] not submitted evidence besides the AAA schedules, [she] ha[s] not met [her] burden to find the [A]rbitration [A]greement[] unenforceable on this basis." *See Coronado*, 2015 WL 5781375, at *9 n.3; *Perez v. Lemarroy*, 592 F. Supp. 2d 924, 935 (S.D. Tex. 2008) ("Where plaintiffs have provided evidence of estimated costs, but no evidence that they will actually be charged the fees identified, there is insufficient evidence to establish substantive unconscionability.").

### 2. FLSA Recovery

Plaintiff next argues that the Arbitration Agreement is unconscionable and unenforceable because it limits her recovery under the FLSA. Doc. #15 at 9–10. Specifically, Plaintiff points to Section 216(b) of the FLSA, which states that courts "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Plaintiff's "challenged contractual clauses are unconscionable

6

only if their application would result in an arbitration process that contravenes or unfairly obstructs [this] statutory provision[]." *Baugh v. A. H. D. Houston, Inc.*, No. CV H-20-0291, 2020 WL 2771251, at *6 (S.D. Tex. May 28, 2020).

Plaintiff argues that the provision of the Arbitration Agreement which states that "[e]ach party shall bear its own costs in any arbitration" contravenes Section 216(b). Doc. #15 at 9. The Court agrees. Under the FLSA, a prevailing plaintiff is able to recover "costs of the action," but the Arbitration Agreement mandates that, regardless of the outcome, the parties will bear their own costs. As such, the Arbitration Agreement's costs provision is unconscionable because it restricts Plaintiff's rights under the FLSA. *See Coronado*, 2015 WL 5781375, at *9–10.

However, "[u]nder Texas law, '[a]n illegal or unconscionable provision of a contract may generally be severed so long as it does not constitute the essential purpose of the agreement.'" *Id.* at *10 (quoting *Venture Cotton Co-op. v. Freeman*, 435 S.W.3d 222 (Tex. 2014)). To determine a contract's essential purpose, the Court asks whether the parties would have entered the agreement absent the unenforceable provisions. *Id.* "The presence of a severability clause sheds light on the agreement's 'essential purpose.'" *Id.* (citation omitted). Here, there is no evidence that the parties would not have entered into the Contract absent the costs provision in the Arbitration Agreement. Indeed, the terms of the Contract suggests otherwise. According to the Contract:

> If any provision of [the Contract] or the application thereof to any person or circumstance shall, for any reason and to the extent, be invalid or unenforceable, the remainder of [this Contract] and the application of such provision to the other person or circumstance shall not be affected thereby, but rather shall be enforced to the greatest extent permitted by law.

Doc. #11, Ex. 1 at 4–5. This suggests that the parties intended to sever any invalid or unenforceable provisions in the Contract. Therefore, the Court finds the costs provision is severed, and the Arbitration Agreement is enforceable.

7

## IV.    Conclusion

In conclusion, the Court hereby SEVERS the provision in the Arbitration Agreement stating that "each party shall bear its own costs in any arbitration." Furthermore, the Court finds that the Arbitration Agreement is valid and enforceable in the absence of this provision. As such, the Motion to Compel Arbitration (Doc. #11) is hereby GRANTED. Because all of Plaintiff's claims are subject to arbitration, this case is DISMISSED WITHOUT PREJUDICE.[1] All of the remaining pending motions in this case (Doc. Nos. 10, 18) are DENIED as MOOT.

It is so ORDERED.

MAR 1 8 2025
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge

---

[1] Defendant requested that the Court stay this case pending the resolution of the arbitration proceeding. Doc. #11 at 7. However, given that all of Plaintiff's claims must be submitted to arbitration, this case should be dismissed without prejudice rather than stayed. *See Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992); *The Shipman Agency, Inc. v. TheBlaze Inc.*, 315 F. Supp. 3d 967, 976 (S.D. Tex. 2018) (dismissing the case without prejudice because "all [of] Plaintiff's claims must be submitted to arbitration").