IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **WHITNEY EZENWA, Individually and on Behalf of All Others Similarly Situated** | **PLAINTIFF** |
| vs.   No. 4:24-cv-2650 | |
| **SILVER RAIN, LLC, d/b/a AREA 29 HOUSTON** | **DEFENDANT** |

### MOTION TO REOPEN CASE, FIND ARBITRATION WAIVER, AND JOIN PLAINTIFF AND INCORPORATED BRIEF IN SUPPORT

Plaintiff Whitney Ezenwa, individually and on behalf of all others similarly situated, by and through her attorneys of Sanford Law Firm, PLLC, for her Motion to Reopen Case and Join Plaintiff, states and alleges as follows:

1. Plaintiff filed her Original Complaint—Collective Action on July 16, 2024, seeking recovery of unpaid overtime wages for herself and others similarly situated under the FLSA. Complaint, ECF. No. 1.

2. Defendant filed its Motion to Compel Arbitration on September 3, 2024 (ECF No. 11), to which Plaintiff responded, arguing that a) Defendant waived the right to compel arbitration, and b) the terms of the arbitration were unconscionable (ECF No. 15).

3. On March 18, 2025, the Court entered an Order finding portions of the arbitration agreement unconscionable, but severing those portions to find enforceability. ECF No. 23. The Court ordered the parties to arbitration and dismissed the case without prejudice. *Id*.

Page 1 of 12
Whitney Ezenwa, et al. v. Silver Rain, LLC, d/b/a Area 29 Houston
U.S.D.C. (S.D. Tex.) No. 4:24-cv-2650
Motion to Reopen Case and Incorporated Brief in Support

4. On June 18, 2025, Plaintiff's counsel initiated arbitration proceedings with the American Arbitration Association (AAA) on behalf of Plaintiffs Ezenwa, Okraku, McIntosh, Prevost, Perry, and Ayinbode, all of whom have filed consents to join this lawsuit. *See* June 18, 2025, Email, attached as Ex. 1. The AAA sent an initiation letter to the parties on July 2, 2025, and an additional letter regarding Defendant's lack of payment on July 17, 2025. *See* Initiation Letter, attached as Ex. 5; Payment Letter, attached as Ex. 6.

5. On September 10, Plaintiff's counsel requested an update from the AAA regarding the filings and was informed that Defendant had not paid its initial filing fee and that Defendant's counsel in this lawsuit no longer represented Defendant. *See* Sept. 10, 2025, Email Thread, attached as Ex. 2.

6. On September 15, 2025, Defendant's new counsel requested copies of the six demands filed on June 18, which she received on September 29. *See* Sept. 15, 2025, Email Thread, attached as Ex. 3. On November 5, 2025, Plaintiff's counsel requested an update from the AAA and was informed that Defendant still had not paid its initial filing fee. *Id*.

7. On November 11, 2025, Plaintiff's counsel filed an additional arbitration demand on behalf of Andraya Alexander, who joined the case after the Court's Order compelling arbitration. *Id*. The AAA sent Defendant an initiation letter on December 2, 2025, and an additional letter regarding Defendant's lack of payment on December 17, 2025. *See* Alexander Initiation Letter, attached as Ex. 7; Alexander Payment Letter, attached as Ex. 8.

Page 2 of 12
Whitney Ezenwa, et al. v. Silver Rain, LLC, d/b/a Area 29 Houston
U.S.D.C. (S.D. Tex.) No. 4:24-cv-2650
Motion to Reopen Case and Incorporated Brief in Support

8.     On December 2, 2025, the AAA sent another letter to the parties, this time reminding Defendant of its obligation to pay the filing fees on behalf of Plaintiffs Ezenwa, Perry, Prevost, McIntosh, and Okraku. *See* Dec. 2, 2025, AAA Letter, attached as Ex. 9. On December 17, 2025, the AAA sent a letter to the parties, again regarding Defendant's lack of payment on the five Plaintiffs in this case for whom Defendant had not paid filing fees. *See* Dec. 17, 2025, AAA Letter, attached as Ex. 10.

9.     On December 1, 2025, Defendant's counsel informed Plaintiff's counsel and the AAA that she was engaged to represent only one of the six Plaintiffs who filed arbitration demands, and accordingly paid the filing fee and initiated arbitration proceedings on behalf of Plaintiff Ayinbode.[1] *See* Dec. 1, 2025, Email Thread, attached as Ex. 4.

10.     On February 5, 2026, the AAA administratively closed the arbitrations initiated on behalf of Plaintiffs Ezenwa, Prevost, McIntosh, and Okraku, and Ms. Alexander due to Defendant's failure to pay the filing fee. *See* Closing Letter, attached as Ex. 11; Alexander Closing Letter, attached as Ex. 12.

11.     Accordingly, except for Plaintiff Ayinbode, the remaining Plaintiffs in this case are precluded from resolving their claims in arbitration and may return to court. "[W]hen an employer enters into an agreement requiring its employees to arbitrate, it must participate in the process or lose its right to arbitrate." *Brown v. Dillard's, Inc.*, 430 F.3d 1004, 1013 (9th Cir. 2005).

---

[1]     Given the trajectory of this case to date, Plaintiffs do not anticipate a particularly productive arbitration with respect to Ms. Ayinbode and reserve the right to request her re-inclusion into this case should Defendant default in her arbitration.

Page 3 of 12
Whitney Ezenwa, et al. v. Silver Rain, LLC, d/b/a Area 29 Houston
U.S.D.C. (S.D. Tex.) No. 4:24-cv-2650
Motion to Reopen Case and Incorporated Brief in Support

12. For the reasons set forth below in Plaintiff's Incorporated Brief in Support, Plaintiffs respectfully request the Court enter an Order a) reopening the case, b) finding that Defendant has waived its right to enforce arbitration and that Plaintiffs may proceed in litigation, and c) joining Andraya Alexander as a Plaintiff to this case.

WHEREFORE, premises considered, Plaintiff Whitney Ezenwa, individually and on behalf of all others similarly situated, prays that the Court reopen the case to allow for resolution through litigation rather than arbitration; join Andraya Alexander as Plaintiff; for her costs and a reasonable attorney's fee; and for all other just and proper relief to which she may be entitled.

## I.   INTRODUCTION

Plaintiffs filed their Original Complaint against Defendant over 18 months ago, in June of 2024, alleging violations of the Fair Labor Standards Act (FLSA). Specifically, Plaintiffs, who worked for Defendant as Dancers, claimed Defendant misclassified them as independent contractors and failed to pay them proper wages. ECF No. 1. After filing an Answer and a Counterclaim, Defendant requested that the Court enforce the arbitration terms in the License that Plaintiffs signed prior to performing work for Defendant. ECF No. 11. After the Court granted Defendant's Motion to Compel Arbitration, Plaintiffs duly filed their arbitration demands with the AAA and sought to arbitrate their claims.

To date, Defendant has refused to engage in the arbitrations of four of the five original Plaintiffs, and one Dancer who sought to join the case after the Order compelling arbitration had been entered. On February 5, 2026, the AAA administratively closed the five pending arbitrations due to Defendant's nonpayment. *See* Exs. 11, 12. As such,

Page 4 of 12
Whitney Ezenwa, et al. v. Silver Rain, LLC, d/b/a Area 29 Houston
U.S.D.C. (S.D. Tex.) No. 4:24-cv-2650
Motion to Reopen Case and Incorporated Brief in Support

Defendant is in breach of its own arbitration agreement and can no longer enforce those terms. Plaintiff respectfully requests that this Court reopen the case and allow Plaintiffs' claims to proceed in Court, including the claims of the late-joining Dancer.[2]

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 60(b) provides grounds for relief from an order or judgment, including "any . . . reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b) motions must be made "within a reasonable time," unless good cause can be shown for the delay. *In re Osborne*, 379 F.3d 277, 283 (5th Cir. 2004) (quoting *Pryor v. U.S. Postal Svc.,* 769 F.2d 281, 287–88 (5th Cir.1985)). "Rule 60(b) relief will be afforded only in 'unique circumstances.'" *Id.* (quoting *Pryor*, 769 F.2d at 287). "This 'good cause,' and these 'circumstances,' must necessarily be evaluated on a case-by-case basis." *Id*. (citing *Ashford v. Steuart,* 657 F.2d 1053, 1055 (9th Cir. 1981)).

## III.   ARGUMENT

By refusing to engage in the arbitration process, Defendant has materially breached the arbitration terms, can no longer enforce those terms, and has waived its right to compel Plaintiffs to arbitration. Because Plaintiffs have diligently pursued their claims through the avenue dictated by the License agreement and this Court, but Defendant has stonewalled any forward movement in resolving those claims, Plaintiffs respectfully request this Court reopen the case to allow Plaintiffs to pursue their claims in litigation. Further, Plaintiffs request the Court add Andraya Alexander as a Plaintiff to this case.

---

[2]   Andraya Alexander's Consent to Join is attached to this Motion as Exhibit 13.

Page 5 of 12
Whitney Ezenwa, et al. v. Silver Rain, LLC, d/b/a Area 29 Houston
U.S.D.C. (S.D. Tex.) No. 4:24-cv-2650
Motion to Reopen Case and Incorporated Brief in Support

A.   **The Court should reopen the case to proceed in litigation.**

Plaintiffs diligently pursued their claims in arbitration as directed by this Court, but Defendant was unwilling to participate in the proceedings it demanded and Plaintiffs' claims remain unresolved. Accordingly, Defendant has waived its choice of venue and must therefore answer for its actions in Court.

1.   Legal Standard: Waiver of Arbitration Terms

In *Morgan v. Sundance, Inc.*, the Supreme Court abrogated the principle that courts must favor arbitration over litigation. 596 U.S. 411 (2022). "The federal policy is about treating arbitration contracts like all others, not about fostering arbitration." *Id*. Likewise, Texas state law, under which the License is to be interpreted according to its terms, "has no presumption in favor of arbitration when determining whether a valid arbitration agreement exists." *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003). Accordingly, this Court must apply basic principles of contract in analyzing the License rather than implementing any policy favoring arbitration.

"Although waiver of arbitration is a disfavored finding, the right to arbitrate—like all contract rights—is subject to waiver." *Forby v. One Techs., L.P.*, 909 F.3d 780, 783 (5th Cir. 2018) (internal quotations omitted). In addressing the situation in this case, where an employer has refused to engage in properly initiated arbitration proceedings, courts take two approaches. In the first approach, courts determine that the employer who refuses to engage in arbitration has materially breached the terms of the contract and can no longer enforce the terms on the employee. *See, e.g.*, *Pre-Paid Legal Servs., Inc. v. Cahill*, 786 F.3d 1287, 1294 (10th Cir. 2015) ("[A] party's failure to pay its share of arbitration fees breaches the arbitration agreement and precludes any subsequent attempt by that party

Page 6 of 12
Whitney Ezenwa, et al. v. Silver Rain, LLC, d/b/a Area 29 Houston
U.S.D.C. (S.D. Tex.) No. 4:24-cv-2650
Motion to Reopen Case and Incorporated Brief in Support

to enforce that agreement."); *Sink v. Aden Enterprises, Inc.*, 352 F.3d 1197, 1201–02 (9th Cir. 2003) ("[The employer's] failure to pay required costs of arbitration was a material breach of its obligations in connection with the arbitration."); *Garcia v. Mason Cont. Prods., LLC*, No. 08-23103-CIV, 2010 WL 3259922, at *3 (S.D. Fla. Aug. 18, 2010) ("By failing to timely pay its share of the arbitration fee, Defendant materially breached its obligations, thereby 'scuttling' that opportunity.")

In the second approach, courts determine that the employer has waived the right to arbitration. *See, e.g.*, *Freeman v. SmartPay Leasing, LLC*, 771 F. App'x 926, 933 (11th Cir. 2019) (holding that the employer "acted inconsistently with its contractual right to arbitrate when it refused to pay the initial filing fee," and "therefore waived its right to arbitration by failing to pay arbitration fees."); *SnapMedTech, Inc. v. Solivita of Westlake, LLC*, No. 1:22-CV-1700-AT, 2025 WL 1253557, at *2 (N.D. Ga. Apr. 3, 2025) ("Defendants have acted inconsistently with their right to arbitrate Plaintiff's claims, and that their dilatory conduct has significantly prejudiced Plaintiff's access to justice. Through their long-running pattern of behavior, Defendants have therefore waived their contractual right to arbitration.").

Finally, some courts find the employer both breached the arbitration agreement and waived its right to arbitration. *See, e.g.*, *Steffanie A. v. Gold Club Tampa, Inc.*, No. 8:19-CV-3097-T-33TGW, 2020 WL 4201948, at *4 (M.D. Fla. July 22, 2020) ("Defendants' repeated refusal to pay the AAA initial filing fee in this case constituted both a waiver of the right to arbitrate and a breach of the parties' agreement to arbitrate."). Regardless of approach, the outcome is the same: the employee is granted the right to pursue his claims in court and the employer cannot again compel the employee to

Page 7 of 12
Whitney Ezenwa, et al. v. Silver Rain, LLC, d/b/a Area 29 Houston
U.S.D.C. (S.D. Tex.) No. 4:24-cv-2650
Motion to Reopen Case and Incorporated Brief in Support

arbitrate. *Sink*, 352 F.3d at 1201 (noting that permitting a party to again compel the other party to arbitration following a default would result "in frustration of the aggrieved party's attempts to resolve its claims.").

2. <u>Defendant can no longer enforce the arbitration terms.</u>

Regardless of which of the above approaches this Court adopts, the law is clear: Defendant cannot force Plaintiffs into proceedings of which itself refuses to participate. This Court dismissed Plaintiffs' claims to arbitration in March of 2025, and Plaintiffs duly initiated arbitration proceedings the following June. In the ensuing eight months, Defendant has received four notices from the AAA requesting Defendant's portion of the filing fee so that the arbitrations could proceed. Defendant cannot disclaim knowledge of these notices because it paid the filing fee for one of the claims, but left the remaining five pending indefinitely. On February 5, 2026, the AAA closed the proceedings for the five claimants whose filing fee had not been paid by Defendant. *See* Exs. 11, 12. And now, less than two weeks following those closures that preempted Plaintiffs from resolving their claims via arbitration, Plaintiffs seek a Rule 60(b)(6) vacation of the Court's Order dismissing the case. Plaintiffs' request is both timely and appropriate under the circumstances.

Defendant has acted inconsistently with its right to arbitrate, constituting both a waiver of the right to arbitrate and a breach of its agreement to arbitrate. *See Steffanie A. v. Gold Club Tampa, Inc.*, No. 8:19-CV-3097-T-33TGW, 2020 WL 4201948, at *2–5 (M.D. Fla. July 22, 2020). The facts in *Gold Club Tampa* are identical to the facts here: the parties were compelled to arbitration by the court, only for the defendants to refuse to pay its share of the filing fee. *Id*. Despite the defendants' attempts to justify its nonpayment

Page 8 of 12
Whitney Ezenwa, et al. v. Silver Rain, LLC, d/b/a Area 29 Houston
U.S.D.C. (S.D. Tex.) No. 4:24-cv-2650
Motion to Reopen Case and Incorporated Brief in Support

and untimely attempts to pay after the plaintiffs' motion to reopen the case, the court determined that the defendants' actions resulted in both a material breach of the arbitration terms and a waiver of its right to enforce those terms. *Id*. at *4. The court concluded, "the parties' agreed-upon dispute resolution mechanism, arbitration before the AAA, is no longer possible because the AAA has closed the file due to Defendants' non-payment of the filing fee." *Id*. at *5. The court vacated its order compelling arbitration and reopened the case to allow the plaintiff to proceed in litigation. *Id*.

Likewise, in the factually similar case of *Lee v. Citigroup Corporate Holdings, Inc.*, the Northern District of California found "that the AAA's termination of this matter was proper under the terms of the parties' Agreement to Arbitrate and thus that the termination allows for Plaintiff to move this matter back to the Court." 691 F. Supp. 3d 1157, 1159 (N.D. Cal. 2023). The *Lee* court concluded, "The AAA's final termination of the proceedings suffices to show a final arbitration action that allows the case to return to this Court." *Id*. at 1161. Texas courts have applied this same analysis in determining whether a party has waived its right to arbitrate. In *Vets Securing America, Inc. v. Smith*, the Texas Court of Appeals upheld a lower court's lifting of a stay due to the defendant's default in arbitration due to failure to pay. 632 S.W.3d 272, 281 (Tex. App.--Corpus Christi 2021). The court noted that "Courts have repeatedly found default when the arbitrating authority terminates arbitration for non-payment of fees or enters a default due to non-payment," and determined that the "FAA did not require a stay" after a party defaulted. *Id*.

Defendant has clearly breached the material terms of the License by refusing to engage in the mandated arbitration proceedings and has additionally acted so

Page 9 of 12
Whitney Ezenwa, et al. v. Silver Rain, LLC, d/b/a Area 29 Houston
U.S.D.C. (S.D. Tex.) No. 4:24-cv-2650
Motion to Reopen Case and Incorporated Brief in Support

inconsistently with its right to enforce arbitration that it has waived that right. This Court should reopen the case and allow Plaintiffs to pursue their claims in court.

**B.    Plaintiff Alexander should be joined to the case.**

Andraya Alexander, who has identical claims to Plaintiffs, sought to join the lawsuit after Plaintiffs' claims had been compelled to arbitration. Plaintiffs' counsel initiated arbitration proceedings on her behalf after initiating claims on behalf of the original Plaintiffs, but Defendant failed to pay the filing fee on Ms. Alexander's claims and the AAA terminated the proceedings. *See* Ex. 12.

    1.    <u>Legal Standard: Joinder of Plaintiffs.</u>

Individuals may be joined as plaintiffs in an action if "they assert any right to relief . . . arising out of the same transaction, occurrence, or series of transactions or occurrences;" and "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20.

    2.    <u>Ms. Alexander should be joined as Plaintiff.</u>

Ms. Alexander's claims are identical to the claims of the other Plaintiffs in this case. *See* Ex. 13. She was a Dancer for Defendant and was improperly classified as an independent contractor and denied proper payment for all of her hours worked. Accordingly, Plaintiffs respectfully request this Court join Ms. Alexander as Plaintiff in this case. *See Mickles v. Country Club, Inc.*, 887 F.3d 1270 (11th Cir. 2018) (holding that opt-in plaintiffs become party plaintiffs in a lawsuit on the filing of their consents to join the action).

Page 10 of 12
Whitney Ezenwa, et al. v. Silver Rain, LLC, d/b/a Area 29 Houston
U.S.D.C. (S.D. Tex.) No. 4:24-cv-2650
Motion to Reopen Case and Incorporated Brief in Support

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court reopen the case, hold that Defendant has waived its right to arbitrate, join Ms. Alexander as a Plaintiff to this lawsuit, and allow Plaintiffs to move forward in litigation.

    Respectfully submitted,

    **WHITNEY EZENWA, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

    SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

    Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Page 11 of 12
Whitney Ezenwa, et al. v. Silver Rain, LLC, d/b/a Area 29 Houston
U.S.D.C. (S.D. Tex.) No. 4:24-cv-2650
Motion to Reopen Case and Incorporated Brief in Support

## **CERTIFICATE OF SERVICE**

      I certify that on this the date imprinted by the CM/ECF system, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification to all attorney(s) of record.

**Page 12 of 12**
**Whitney Ezenwa, et al. v. Silver Rain, LLC, d/b/a Area 29 Houston**
**U.S.D.C. (S.D. Tex.) No. 4:24-cv-2650**
**Motion to Reopen Case and Incorporated Brief in Support**